## Stone, Ex'r, etc., v. Parmalee.[1]

*(Circuit Court, S. D. Georgia, W. D.   October 10, 1883.)*

**Statute of Limitations—New Promise.**

  A credit entered upon a note by the holder thereof does not revive a barred note, under the construction of the statute of limitations in Georgia, unless he be authorized in writing to enter such credit by the defendant.

At Law.

*Barnes & Cumming,* for plaintiff.

*R. K. Hines,* for defendant.

Locke, J., *(charging jury.)* The only defense interposed in this case is the statute of limitations, namely, the law which, after a certain lapse of time, bars the right to recover upon contracts. The time in an action of this kind was six years from the date the notes sued on became due. But this statute of limitations is a matter of remedy, and not affecting the right; and a contract barred by the statute may be revived by a new promise based upon the consideration and validity of the former indebtedness.

A payment entered upon a written evidence of debt by the debtor, either in his own handwriting or by some one authorized by him to make such entry, is equivalent to a new promise to pay. Where the entry is made, not by the debtor, but by the creditor or holder under authority from the debtor, such authority must, under the construction of the statute of limitations by the supreme court of the state of Georgia, be shown to be in writing. Under the local law, the creditor or holder is incompetent to act as the agent of the debtor to enter such credit, unless the authority and agency be in writing.

[1] Reported by W. B. Hill, Esq., of the Macon Bar.

As to the first note, of $19,000, it is shown that the plaintiff had telegraphed his bankers or agents on the seventeenth of December, 1879, to pay the deceased $50. The note shows that an indorsement of that amount was made on the 6th; a few days later, a letter was written giving notice of the telegraphic remittance. The question for you to decide, as regards this note, is whether the language of the letter authorized the holder of the note to make this indorsement upon this particular note. If you find that said letter was intended to authorize the making of the indorsement upon this identical note, the time of the receipt of the money being immaterial, you will find for the plaintiff upon that note.

Upon the second note, of $11,000, if you find any authority conveyed to the party making the indorsement to make the same, or any recognition or acknowledgment of the note in writing by the defendant as a subsisting liability, you will find for the plaintiff on that note. If you find for the plaintiff on either note, or both, you will compute the interest thereupon, and find in the aggregate of the amounts so found.