### ELECTA M. BUTLER *vs.* WILLIAM PRICE.

A part payment made by a woman on her husband's note will not take it out of the statute of limitations, in the absence of evidence that he authorized her to make the payment.

CONTRACT on a promissory note dated April 9, 1860, signed by the defendant, and payable to Roxanna Blinn or bearer. Writ dated in 1870. The answer set up the statute of limitations.

At the trial in the Superior Court, before *Wilkinson, J.*, the plaintiff, for the purpose of removing the bar of the statute of limitations, relied upon a part payment of $25 made on February 11, 1865, and introduced evidence that the $25 were sent to Roxanna Blinn, who was then the holder of the note, in a letter purporting to be written by the defendant's wife. The material parts of this letter, which the plaintiff was allowed, against the defendant's objection, to put in evidence, were as follows:

" Hadley Falls, February 8, 1865. Dear Friend : I suppose you have thought it very strange that you have not heard from us before, and I presume you have wondered why the money did not come as it was promised you, and perhaps you have thought we did not mean to send it. But I can assure you it is not so. We were in hopes to send you $100 this winter. But it has been impossible for us to do so. William has been sick about four weeks this winter, which, with his doctor's bill, has put us back very much. I send you in this $25, which is all we can spare at this time. Yours truly,                    M. F. Price."

There was evidence, not now necessary to state, as to whether the letter was in the handwriting of the defendant's wife. The defendant admitted his signature to the note.

The defendant requested the judge to rule that this evidence would not warrant a verdict for the plaintiff. The judge refused so to rule, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. P. Knowlton*, for the defendant.

*D. W. Bond*, (*H. H. Bond* with him,) for the plaintiff.

BY THE COURT. If the letter put in evidence was proved to have been written by the defendant's wife, yet there was no evi

dence that the defendant authorized her to write it or to make a payment upon the note in suit. Such authority cannot be inferred from the relation of husband and wife. The court, therefore, should have ruled, as requested, that there was not sufficient evidence to warrant a verdict for the plaintiff.

*Exceptions sustained.*