## JOHN S. STEELE v. GEORGE F. SOUDER.

LIMITATION OF ACTION; *Partial Payment on Note by One of Two Makers.* Partial payment made by one debtor on a note, will not suspend the running of the statute of limitations in favor of the other debtors thereon, although the party paying be the principal debtor, and the others only sureties.

*Error from Cherokee District Court.*

On the 16th of November 1876, *Souder* brought suit against *Steele* and Brigham, on a promissory note of which the following is a copy:

$440.                    COLUMBUS, KANSAS, July 8th, 1870.

Four months after date, I promise to pay to the order of George F. Souder, the sum of four hundred and forty dollars, value received.                    WM. M. BRIGHAM.
                                        JOHN S. STEELE.

On the back of said note were the following indorsements, signed by *Souder:*

"Received on the within note, one hundred dollars, this 13th of February 1873." "Paid on the within, by account received, two hundred and seven dollars, Nov'r 16th, 1876."

Brigham was not found, and did not appear, and the action was prosecuted against *Steele* alone. *Steele* answered, setting up several defenses — 1st, that the note sued on had been fully paid; 2d, that he (Steele) was surety only, and that plaintiff had, without his (Steele's) knowledge or consent, and at the instance of Brigham, the principal, extended the time of payment of said note; 3d, that more than five years had elapsed after the maturity of said note and before the commencement of this action, and that he had not in any way made any payment thereon, nor acknowledged in writing

his liability on said note, nor promised in writing to pay the same. Plaintiff replied, alleging partial payment of the note, made at the dates shown by the indorsements thereon. Trial at the January Term 1877 of the district court. The court found the following as the facts in the case:

1st.–On the 8th of July 1870, defendant Brigham borrowed of the plaintiff the sum of $440, and on said day executed the note sued upon as principal, and the defendant Steele on that day executed such note as surety.

2d.–At the time of the execution of said note a verbal agreement was made between defendant Brigham and the plaintiff, that the defendant Brigham was to pay to the plaintiff interest for the use of said money at the rate of $2\frac{1}{2}$ per cent. per month.

3d.–At the time of the execution of said note, and ever since its execution, the defendant John S. Steele was and is a resident of the county of Cherokee, and state of Kansas, and has not resided abroad since its execution.

4th.–The defendant Steele has never in writing nor in any way recognized his liability on said note; nor did he know that any payment had been made on said note, until November 16th 1876; nor has he ever paid anything thereon, or ever directed any one else to make any payment thereon.

5th.–More than five years elapsed after the note matured, and before any action was commenced to enforce its payment, and before the institution of this suit.

6th.–The principal on the note, defendant Brigham, without the knowledge of defendant Steele, paid on said note in different sums and at different times the aggregate amount of $307, the last of which payments was in fact made on the 13th of February 1873.

7th.–There is now due and unpaid on said note a balance of $133.

As conclusions of law, the court found that the note was not barred as against said *Steele*, and that plaintiff was entitled to recover said sum of $133; and judgment was accordingly given against *Steele* for said sum, and costs. *Steele* brings the case here on error.

*John N. Ritter*, for plaintiff in error.

*T. P. Anderson*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is, whether a partial payment by the principal debtor will suspend the running of the statute of limitations in favor of the surety. This is part and parcel of a broader question, and that is, whether a partial payment by one of two parties jointly and severally liable upon an instrument suspends the running of the statute in favor of the other. Upon this the authorities in the various states are conflicting. See as holding the affirmative, *Disborough v. Bidleman*, 20 N. J. Law, 275; *Corlies v. Fleming*, 30 N. J. 349; 1 Greenleaf's Ev., § 174; *Block, Adm'r, v. Dorman*, 51 Mo. 31; *Whitlock v. Doolittle*, 18 Vt. 440; *Whittaker v. Rice*, 9 Minn. 13, (though this last case seems to be decided upon the peculiar language of their statute.) Contra: *Van Keuren v. Parmalee*, 2 N. Y. 523; *Shoemaker v. Benedict*, 11 N. Y. 176; *Winchell v. Hicks*, 18 N. Y. 558; *McLaren v. McMartin*, 36 N. Y. 88; *Harper v. Fairley*, 53 N. Y. 442; *Graham v. Selover*, 59 Barb. 313; *Succession of Voorhies*, 21 La. An. 659; *Hinter v. Robertson*, 30 Ga. 479; *Smith v. Coon*, 22 La. An. 445; *Marienthal v. Masler*, 16 Ohio St. 566; *Hance v. Hair*, 25 Ohio St. 349; *Bell v. Morrison*, 1 Peters, 351. The pith of these last decisions is in the proposition, that *each party* severally liable upon any instrument is entitled to the protection of the statute, and can be deprived of it only by some personal act of his own. The above are but a few of the citations which can be made upon each side of the general proposition. So far as acknowledgment and promise are concerned, the language of our statute is clear, and excludes all suspension of the statute except by personal written action. As to payment, the language is not so clear, and may be open to at least two constructions. The statute reads, sec. 24 of civil code—

"In any case founded on contract, when any part of the principal or interest shall have been paid, or any acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the

Steele v. Souder.

same, after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."—(Gen. Stat. 634.)

Now it may be said that if "payment" is made on the instrument, the instrument itself, and as against all parties to it, is kept alive. The effect of "acknowledgment" and "promise" is in terms limited to "*the party* to be charged thereby." The effect of "payment" is not in terms thus limited. It was therefore intended by the legislature that it should be broader, and reach to all parties thereto. The language may indeed be open to three constructions: one, that the mere fact of payment, whether by a party to the instrument or not, keeps it alive as to all originally liable on it; another, that payment by one party thereto keeps it alive as to all; and third, that payment, like acknowledgment or promise, keeps it alive only as to the party paying. It seems to us that the latter is the true construction. No valid reason exists why payment should be more potent than acknowledgment, or promise. Indeed, payment was treated by the courts as simply an evidence of acknowledgment. Such construction makes the various provisions of this section not only harmonious with each other, but with the general provision of the statutes making each party to an instrument severally liable thereon. Severally liable, each should be severally protected. The statute nowhere in terms states who will be liable in case of payment, or who must make the payment to avoid the statute. But that the payment must be by the one to be charged, see specially the cases from 21 La. An. and 22 La. An., 30 Ga., 11 N. Y., and 16 Ohio St., *supra*. The early case of *Root v. Bradley*, 1 Kas. 437, while not absolutely decisive of this case, strongly tends in this direction.

We conclude then, that payment suspends the running of the statute only as against the party making the payment. The district court holding otherwise, therefore erred, and the judgment must be reversed.

The claim of counsel for defendant in error, that, notwith-

standing this, the judgment must be affirmed because it does not appear that plaintiff in error was not absent from the state during the five years prior to the commencement of the action, cannot be sustained, because the bill of particulars, copying the note which appears on its face to be barred, only alleges in avoidance of this, part payment; and this payment is found by the court to have been made by the other party to the note.

There being no exceptions taken by the defendant in error to the findings of fact, we are compelled not merely to direct a reversal of the judgment, but to order that upon those findings judgment must be entered for the plaintiff in error, defendant below.

All the Justices concurring.