JOHN MULLEN, et al., v. SELENA MULLOCK.

PENDENCY OF ANOTHER ACTION, *as a Defense.* A constable levied an execution issued upon a judgment in favor of B. upon certain property, as the property of the defendant in the execution. M. claimed the property, and brought an action of replevin therefor against B. Before the justice, M. obtained judgment for the return of the property, or its value, in case a return could not be had. From this judgment, B. appealed, and the case was pending in the district court. M. thereupon commenced an action against the constable and his sureties, of whom B. was one, to recover the value of said property. The constable and B. separately pleaded the pendency of the former action. *Held,* That as to the

constable the defense was properly overruled, for as to him the prior action was not between the same parties. And also *held*, that it must be sustained as to B., for the relief obtainable against him in the prior included the entire relief sought in the latter action, and the plaintiff's cause of action in the two was the same, consisting of the wrongful deprivation of her property.

*Error from Washington District Court.*

ACTION brought by *Selena Mullock* against *John Mullen,* a constable of Little Blue township, in Washington county, and *D. E. Ballard* and *Thomas Murphy,* sureties on his official bond, to recover the value of a mule colt. The petition alleges in substance that at and before the commencement of the action, the said *John Mullen* was the legally-elected, qualified and acting constable of the above-named township; that *D. E. Ballard* and *Thomas Murphy* were the sureties upon his official bond; that on the 11th of January, 1878, one Monroe Duston, a justice of the peace of said township, issued an execution on a judgment on his docket in favor of *D. E. Ballard* and against one D. W. Mullock; that said constable, on the 15th of January, wrongfully and illegally levied said execution on a certain mare mule colt, the property of the defendant in error, and after advertising said property, sold it, on the 7th of February, to one Ezekiel Reedy, who took the same and converted it to his own use; that the actual value of the property was $75, for which amount she prayed judgment against the constable and his sureties.

To this petition plaintiffs in error answered separately. The first and second counts in the answer of plaintiff in error (defendant in court below), *John Mullen,* admit the truth of all the allegations contained in the petition of plaintiff in the court below, *Serena Mullock,* the defendant in error, except that she was the owner of the property sold. The first count of the separate answer of plaintiff in error, *D. E. Ballard,* is a general denial of all the allegations in the petition of defendant in error, except. that he executed the bond and became surety for *John Mullen,* the constable, his co-defendant in the court below. The plaintiff in error, *Thomas*

*Murphy*, answered by simply filing a general denial, except that he became surety for his co-defendant, *John Mullen*, as constable. The third count in the answer of plaintiff in error, *John Mullen*, and the second count in the answer of *D. E. Ballard*, (being substantially the same,) which they pleaded as a special defense, is set out in the subjoined opinion. To this third count in the separate answer of *John Mullen*, and the second count in the separate answer of *D. E. Ballard*, defendant in error (plaintiff below) demurred, and assigned as a reason therefor, that said counts do not state facts sufficient to constitute a defense to the cause of action as set forth in her petition. At the April Term, 1878, the demurrer was sustained. The defendants bring the case here.

*Joseph G. Lowe*, for plaintiffs in error.

*T. J. Humes*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: John Mullen was a constable, and the other defendants, plaintiffs in error, were sureties on his bond. This action was brought by Selena Mullock on the bond for the value of a mule colt alleged to belong to plaintiff, and to have been taken and sold by the constable on an execution against her husband. The execution was issued on a judgment in favor of Ballard, one of the sureties on the bond, and defendant in this action. The defendants answered separately. The third count in the answer of plaintiff in error, John Mullen, and the second count in the answer of D. E. Ballard (being substantially the same), which they pleaded as a special defense, is as follows:

"Defendant further states, that on the 19th day of January, 1878, before Henry Ober, a justice of the peace for Little Blue township, Washington county, Kansas, the above-named plaintiff commenced her action against the above-named defendant, D. E. Ballard, for the recovery of the possession of the aforesaid dark-brown mare mule colt, being the same property levied upon under said execution, and set forth and described in plaintiff's petition herein; that on the

25th day of January, 1878, said action was tried and a judg-
ment rendered in favor of plaintiff and against said defend-
ant, D. E. Ballard, for the recovery of the possession of
said property, and $10 damages for the wrongful detention
thereof, and in case said property was not delivered a judg-
ment against said D. E. Ballard was rendered for $50, the
value of said property as found by said justice; that after
and on the 31st day of January, 1878, said defendant, D. E.
Ballard, filed with said justice of the peace his appeal bond,
which bond was duly approved by said justice of the peace
and said appeal perfected, and said cause is now pending for
hearing in the district court for Washington county, Kansas,
and is numbered case 594, and is yet undetermined upon
said appeal."

A demurrer to this defense was sustained, and this is the
question for our consideration: Was the action for the value
abated by the pendency of the prior action for the possession?
It is apparent that the three plaintiffs in error stand in a
different position in relation to this question. One of them,
Thomas Murphy, did not attempt to raise the question at all,
but filed simply a denial. Of course, therefore, the judgment
must be affirmed as to him. Another, the constable, John
Mullen, was not a party to the replevin action. Hence, he
is in the position of seeking to abate an action against him-
self, by the pendency of a prior action against another party.
This cannot be done. The defense is, "that there is another
action pending between the same parties for the same cause."
(Dassler's Laws, p. 614, § 89.) An action pending between
A. and B. does not abate one pending between A. and C.;
and that, notwithstanding each action may be upon the same
instrument and for the same cause. The questions which
sometimes arose by reason of there being only a joint liability
upon certain instruments, do not arise here, for by our stat-
ute, "All contracts which by the common law are joint only,
shall be construed to be joint and several." (Dassler's Laws,
p. 209, § 1.) Each party, therefore, may be made defendant
in a separate suit, and the pendency of one such suit does
not abate any other. This is in accord with a tendency
elsewhere manifested in our laws to individualize rights and

liabilities.   To remove the bar of the statute of limitations, payment, promise or acknowledgment, must be by the person sought to be charged.  (*Steele v. Souder*, 20 Kas. 39.)   So here each party may make his own defense, and neither party can plead as a defense for himself, that which is a purely personal defense of his co-defendant.   Mullen had been vexed by no prior suit—Ballard had been; and while Ballard may claim that he should not be vexed by two actions at the same time, Mullen cannot defeat the action against himself by reason of the wrongs done to Ballard.   The judgment, therefore, against Mullen, must be affirmed.  (*Smith v. Findlay*, 2 Handy, 72; *Henry v. Goldney*, 15 Mee. and W. 494.)   Ballard can plead that the prior action is between the same parties.   Can he also say that it is for the same cause?   And in answering this question, regard must be had more to substance than to form.   The two actions must be for the *same cause.*   Now what is the fact which she alleges as her cause of action?   Is it not in each case that she is wrongfully deprived of her mule?   True, in one case she alleges that Ballard himself detains the mule, and in the other that he is responsible for the one who took it.   This simply shows the relation he bears to the wrong.   But the fact which gives her any right to relief as the basis of her cause of action, is her loss of the animal.   Because of this wrongful deprivation, she asks in the first action its return, and in the second, its value.   But the relief asked is one thing and the cause of action another, and the statute provides that in actions of replevin the judgment shall be for the return, or the value in case the return cannot be had, and the triers are to find the value.   Is she entitled to both?   Clearly not.   If the property is returned, she has no right to its value.   If both actions may stand, both may proceed to judgment.   In the one she obtains judgment for the return or the value, and in the other, judgment for the value.   If the return is not had, there are two judgments for the value.   The principle of the defense of another action pending is, that the same party is not to be vexed twice for the same cause.   In the first action she ob-

tains the same relief as in the second, or else that which estops her from obtaining such relief. Is not the defendant being twice vexed? It matters not that in the one action he is charged as principal, and in the other as surety. If a party sign his name to a note, the holder cannot maintain two actions against him — in one charging him to be the maker, and in the other to be a guarantor. He is not twice liable, or liable to two judgments. If he cannot abate the one action by the other, then he must plead alone to the merits, and upon the merits the defendants in the case at bar would seem to have been beaten in both actions. It may be laid down as a general proposition, that where the substantial fact or facts upon which the plaintiff's right to relief is based, are identical in the two actions, and the relief obtainable in the first includes all relief sought in the second action, the first will abate the second, although the actions differ in matters of form and in the relations of the defendant to the infringement of the plaintiff's rights. In 1 Bacon's Abridgement, p. 29, the author says:

"The law is so watchful against all vexatious suits, that it will neither suffer two actions of the same nature to be pending for the same demand, nor even two actions of a different nature. Therefore it is a good plea in trespass that the plaintiff has brought a replevin for the same thing, because in both cases damages are to be given for that caption."

The judgment of the district court as to Ballard will be reversed, and the case remanded with instructions to overrule the demurrer. The costs of this court will be divided between defendant in error and the plaintiffs in error Mullen and Murphy.

All the Justices concurring.