ELI GOOD v. JACOB EHRLICH *et al.*

No. 13,124. ( 72 Pac. 545.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Part Payment.* A part payment, in order to be efficient to toll the statute of limitations, or to remove the bar, must have been made as part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation.

2. ——— *Pleading and Practice.* Where a plaintiff, for the purpose of removing the bar of the statute of limitations which had apparently run upon his cause of action, pleads that a payment had been made thereon, a general denial puts the burden upon him. The defendant need not specially plead the bar of the statute. He will prevail if the plaintiff fail to establish such payment.

Error from Marion district court; O. L. MOORE, judge. Opinion filed May 9, 1903. Affirmed.

*Dickerson & Miesse*, for plaintiff in error.
*Keller & Dean*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Before plaintiff in this action could recover, he must have removed the bar of the statute of limitations which had apparently run on the note upon which his action was based. This he

attempted to do by pleading that a payment had been made thereon. He was the purchaser of this note, which had been given to the First State Bank of Marion, from the assignee of that bank. At the time of its purchase there was attached to it by a rubber band a note made by one Waterman, payable to the order of Ehrlich Brothers, the makers of the note purchased. The Waterman note, however, did not bear the indorsement of Ehrlich Brothers, its payees. It was the suspicion of the purchaser, Good, that the Waterman note had, during the life of the bank, been left with the bank by Ehrlich Brothers as collateral to their note. After the statute of limitations had run on the Ehrlich Brothers' note, Good collected from Waterman a part of the money due on his note, as a compromise for the full amount due, and indorsed the same, without the knowledge or consent of Ehrlich Brothers, upon the note in suit. This was the payment relied on to remove the bar of the statute. Was it efficient for that purpose, within the meaning of section 4452, General Statutes of 1901? That section provides:

"When any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought, etc."

The court sustained a demurrer to the plaintiff's evidence. We are well convinced that in this no error was committed. It is only by the remotest deduction that it may be assumed that the Waterman note was left with the bank by Ehrlich Brothers as collateral to their note. Indeed, the evidence seems to us as consistent with the theory that it was left by them for collection and credit to their account, as for

collection and payment upon their note. If the former, then of course even the immediate collection and credit upon the note could not have tolled the statute ; so that, with this view, we are' of the opinion that the court was right in sustaining the demurrer.

But perhaps we should go further and discuss the question as to what constitutes a part payment, and when the making of it would toll the statute ; or, as in this case, revive the note, if the statute had run. We will admit, for this purpose, that the Waterman note was deposited by Ehrlich Brothers with the bank as collateral to their note, and held by the bank with authority to collect and apply the proceeds as a payment on this note. While the language of the statute is that a part payment shall operate to toll the limitation, it certainly cannot be understood to mean that such part payment made by any one at any time for any purpose would so operate. It is well recognized in the books that such payment must be made by the obligor, against whom the statute is sought to be tolled, or by some one at his direction, and made as a part payment of the debt under such circumstances as to amount to an acknowledgment of an existing liability. At common law, and in the absence of a statute, a part payment was held to toll the statute, upon the principle that it was an acknowledgment of an existing liability at the time the payment was made. Indeed, this court has recognized that principle, and in effect held that a part payment, so to operate, must rise to the dignity of such an acknowledgment. In *Steele v. Souder*, 20 Kan. 39, 42, this language is found :

"No valid reason exists why payment should be more potent than acknowledgment or promise. Indeed, payment was treated by the courts as simply an evidence of acknowledgment."

In *United States v. Wilder,* 13 Wall. 254, 256, 20 L. Ed. 681, the same point was ruled as follows:

"The principle on which part payment takes a case out of the statute is, that the party paying intended by it to acknowledge and admit the greater debt to be due.   If it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment."

The same principle was announced in *Arnold v. Downing,* 11 Barb. 554, and *Butler v. Price,* 110 Mass. 97.   See, also, 33 Cent. Dig. § 632.

In Wood on Limitations, third edition, section 97, the rule is stated in the following language:

"In order to make a money payment a part payment within the statute, it must be shown to be a payment of a portion of an admitted debt, and paid to and accepted by the creditor as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder.   In order to have that effect, it must  .  .  .  appear .  .  .  that the payment was made under such circumstances as warrant a jury in finding an implied promise to pay the balance;  and if the payment was made under such circumstances as to rebut any such promise, it does not affect the operation of the statute."

In section 101 it is further stated that such payment—

"must have been made by the debtor in person, or by some one authorized by him to make a new promise on his behalf.   And payment made by a third person, without authority from the debtor to make it, cannot remove the statute bar, because it does not imply any acknowledgment of the debt by the debtor."

In section 115 it is announced that the indorsement of a part payment made when the note is barred does

not furnish evidence sufficient to establish the fact of payment; further, that an indorsement by the plaintiff without the knowledge of the defendant does not operate to take the note out of the statute, unless it is accompanied by proof that the payment was in fact made to apply on the note.

Now, in this case the Waterman note was surrendered to the maker upon payment by him of a portion only of what was due thereon, and the amount so received was indorsed upon the Ehrlich Brothers' note after the bar had run, without their knowledge or consent. It must be apparent that the collection and indorsement were not made upon the note by Good as the agent of Ehrlich Brothers, for no agency was shown, except what might be inferred from the fact that the note was held as collateral, and surely such an inference will not be indulged in when the result is so much to their disadvantage, for in addition to reviving a note barred by the statute of limitations, it was accomplished at the sacrifice of the Waterman note for less than the amount due thereon. An indorsement made upon the Ehrlich Brothers' note without their knowledge or consent, under these circumstances, with funds thus obtained, cannot be held to amount in law to an acknowledgment on their part of an existing liability on the note. It is ruled in many cases that the application of the proceeds of collateral in part payment of the principal note will not toll the statute, unless made under such circumstances as would show that it was done with the knowledge and consent, and by the authority, actual or implied, of the debtor, and that the implied authority to do this, arising from the fact of the pledging, must be exercised within a reasonable time, or it will be deemed to have been withdrawn. In the case at bar it seems that nearly, if not quite, five years had elapsed before this was done.

Again, admitting that the bank was, by the fact of pledging, constituted Ehrlich Brothers' agent for the purpose of collecting and applying the proceeds of the Waterman note, still it may well be doubted if that agency would be carried over to the assignee of the bank and then by his sale of the note to the purchaser, Good. Such a holding would extend the principle of agency beyond all recognized bounds. This limitation was noted in the case of *Letson v. Kenyon*, 31 Kan. 301, 1 Pac. 562. We hold that, even though it had been shown that Ehrlich Brothers had deposited with the bank the Waterman note as collateral to their own, a collection of a portion of it and its indorsement upon their note did not, under the circumstances shown, remove the bar of the statute.

There is a question of practice remaining in the case. Plaintiff in setting out the note of course disclosed the fact that it was barred. For the purpose of removing the bar, he pleaded that the Waterman note had been pledged as collateral to the note sued on, and that the makers of the note had authorized the bank to collect and credit all payments made on such collateral upon this note. To this petition defendants filed a general denial. Plaintiff now insists that defendants could only avail themselves of the statute of limitations by pleading it, and cite decisions of this court to the effect that, where the pleadings do not show upon their face that the cause of action is barred by the statute, the defendant must specially plead such bar. The answer to this is that the bar did appear in the petition, and upon the plaintiff fell the burden of removing it. He pleaded such facts as he supposed would remove the bar, and by the general denial defendants put in issue the truth of these

facts.   Upon the failure of the plaintiff to prove these facts the bar at once operated.

We find no error in the action of the court.   The judgment will be affirmed.

All the Justices concurring.