No. 21,498.

W. A. HURLEY, *Appellee*, v. J. W. L. GRAY, *Appellant*, et al.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Extension Procured by One Joint Maker—Limitation of Action in Favor of Comaker.* Whence one of two makers, by partial payments, procures an extension of time for the payment of a promissory note containing a provision that the makers consent that the note may be extended without releasing either of them, or in any way affecting their liability, the statute of limitations runs from the first maturity of the note in favor of the other maker who is not a party to the extension agreement.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed July 6, 1918. Modified.

*John C. Cannon*, of Fort Scott, and *John A. Hall*, of Pleasanton, for the appellant.

*Charles F. Trinkle*, of La Cygne, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to re- cover on a promissory note due September 4, 1910. It was signed by the defendants as makers, and contained the following provision:

"Interest payable semi-annually, and if not paid when due to bear the same rate of interest as the principal. The makers, sureties, guarantors, and endorsers hereof severally waive demand of payment, protest and notice of non-payment of this note, and consent that it may be extended from time to time without releasing either or any of them, or in any way affecting their liability thereon."

Full interest payments were made by Cline in August, 1910, 1911, 1912, 1913; and $24.95 was paid in August, 1914. Each payment, except the one for $24.95, was made in pursuance of an oral agreement between the plaintiff and Cline that the maturity of the note should be extended one year. The $24.95 was paid under an agreement that $20 of that amount was for the interest for the year ending September 4, 1914; that $4.95 of that amount should apply on the interest for the year ending September 4, 1915; and that the maturity of the note should be extended to September 4, 1915. Gray was not a party to any of the extension agreements. He was surety for Cline, and that fact was known to the plaintiff at the time the note was signed. No part of the note has been paid, except as above set forth. The action was commenced April 28, 1916. Gray pleads the statute of limitations.

In *Steele v. Souder,* 20 Kan. 39, this court said:

"Partial payment made by one debtor on a note, will not suspend the running of the statute of limitations in favor of the other debtors thereon, although the party paying be the principal debtor, and the others only sureties." (syl.)

This rule has been declared in a number of decisions rendered by this court. (*Mullen v. Mullock,* 22 Kan. 598, 602; *Elder v. Dyer,* 26 Kan. 604, 607; *Letson v. Kenyon,* 31 Kan. 301, 303, 1 Pac. 562; *Davis v. Clark,* 58 Kan. 454, 459, 49 Pac. 665; *McLane v. Allison,* 60 Kan. 441, 443, 56 Pac. 747; *Good v. Ehrlich,* 67 Kan. 94, 96, 72 Pac. 545; *Elmore v. Fanning,* 85 Kan. 501, 502, 117 Pac. 1019.)

In *Bank v. Bowdon,* 98 Kan. 140, 157 Pac. 429, this court said:

"Under the provisions of the uniform negotiable instruments act, one who signs a note as comaker, although in fact a surety, is not released by an extension of time granted to the principal in consideration of the payment of interest in advance." (syl. ¶ 1.)

(See, also, *Bank v. Livermore,* 90 Kan. 395, 397, 133 Pac. 734.)

The right of Gray to plead the statute of limitations is not affected by any payment made by Cline, and the obligation of Gray to pay as he promised to pay is not changed by such payments. He consented that the note might be extended from time to time without releasing him, or in any way affecting his liability. His liability on the note continued from the time of its maturity until five years thereafter. If that provision of the note is to be given effect, no change was made in Gray's situation by the payments made by Cline. It follows that, as to Gray, the note was barred by the statute of limitations at the time this action was commenced.

The judgment as to defendant Gray is reversed, and judgment is rendered in his favor.