No. 32,774

Mamie Moore Ham, *Appellant,* v. Roy M. Moss et al., *Appellees.*

(57 P. 2d 11)

Opinion filed May 9, 1936.

*A. M. Keene,* of Fort Scott, for the appellant.
*Douglas Hudson,* of Fort Scott, for the appellees.

The opinion of the court was delivered by

Burch, C. J.: The action was one to recover from the makers of a promissory note and from guarantors who, by separate instrument, guaranteed payment of the note at maturity. The guarantors demurred to the petition on the ground action against them was barred by the statute of limitations. The demurrer was sustained, and the payee of the note appeals.

Roy M. Moss and Elsa L. Moss gave Mamie Moore Ham a note for $650, dated October 12, 1925, and due one year after date, with interest at 8 percent per annum. On October 12, 1925, J. F. Wimmer and other persons executed and delivered to Mamie Moore Ham the following instrument:

"*To Mrs. Mamie Moore Ham, Prescott, Kansas:*

"In consideration of your loaning to Roy M. Moss and wife the sum of six hundred and fifty dollars ($650) according to the terms of a certain promissory note dated October 12, 1925, and due October 12, 1926, with interest at the rate of 8 percent from date, we the undersigned, guarantee the payment of above note at maturity, and we also consent to the renewal of said note from time to time, provided the interest is paid on the same."

About May 12, 1926, the makers paid $250 on the principal of the note. On October 12, 1932, six years after maturity of the note, the makers gave Mamie Moore Ham a renewal note for $400, due one year after date, with interest at 6 percent per annum. On June 10, 1935, the payee sued on the renewal note and the guaranty. The petition alleged all interest had been paid up to October 12, 1932.

The statute of limitations commenced to run in favor of the guarantors at maturity of the first note on October 12, 1926. After October 12, 1931, action against the guarantors was barred.

The guarantors consented that the original note might be renewed from time to time. The effect of that consent was to waive privilege to plead the defense of discharge by extension of time of payment. The consent did not enlarge the time within which action might be commenced to enforce the guaranty to pay the original note at maturity. While the facts were dissimilar, the principal involved was applied in the case of *Hurley v. Gray*, 103 Kan. 345, 173 Pac. 919.

The judgment of the district court is affirmed.