No. 33,096

J. E. Hayes, as Receiver of the First National Bank of St. Marys, *Appellee*, v. F. J. Reid, *Defendant;* Melba Reid, *Appellant*.

(64 P. 2d 19)

Opinion filed January 23, 1937.

*Floyd W. Hobbs,* of Holton, for the appellant.
*Maurice Murphy,* of St. Marys, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action by the receiver of a failed bank to recover against defendants, husband and wife, on a promissory note. Plaintiff prevailed, and the wife alone appeals.

The main question to be determined is whether the statute of limitations was tolled as to appellant by a certain payment made on a note a few days before the action became barred. The question arose on a demurrer to appellee's evidence. The demurrer was overruled. On demurrer the court does not pass on conflicting evidence and the evidence must be weighed in the light most favorable to the party who adduced it. (*Hill v. Southern Kansas Stage Lines Co.,* 143 Kan. 44, 49, 53 P. 2d 923.) We need therefore examine only such evidence as supports or tends to support appellee's cause of action. Furthermore, appellant did not rest on her demurrer, but

introduced defense evidence. If in so doing she supplied any deficiency of proof, the error, if such there was, in overruling the demurrer, was not prejudicial. (*City of Garnett v. Dowis,* 144 Kan. 484, 61 P. 2d 913.) It therefore becomes unnecessary to separate the evidence of the respective parties.

The ground relied on for tolling the statute was payment. The draft which supplied the money for the payment had been made payable to appellant. It was endorsed by appellant and delivered to her husband, who had it credited on his account in the appellee bank. He then drew checks on his account in payment of various obligations, including a payment of $500 on this note and $13.33, interest due thereon. On behalf of appellant, it is contended the payment was that of her husband, and in order to toll the statute as to her, proof of voluntary payment by her or her duly constituted agent, was required. It is insisted mere knowledge on her part that the payment was made or mere acquiescence therein is insufficient. (*Howard v. Prichett,* 207 Ala. 415, 92 So. 782, 25 A. L. R. 55.) Appellant also contends the payment must be made under such circumstances as to amount to an actual acknowledgment of the debt by her. In support of these contentions she cites *Jackson v. Longwell,* 63 Kan. 93, 64 Pac. 991; *Durban v. Knowles,* 66 Kan. 397, 71 Pac. 829; *Good v. Ehrlich,* 67 Kan. 94, 72 Pac. 545; *Shanks v. Louthan,* 79 Kan. 363, 99 Pac. 613; *Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693. We readily endorse the doctrine announced in these cases.

In the recent case of *Pessemier v. Zeller,* 144 Kan. 726, 62 P. 2d 882, a deposit credit of the maker of the note was applied on the note by the receiver of a failed bank, and it was held the statute was not tolled, as the application of the credit did not constitute an actual affirmative intention of the maker to pay upon the note nor a deliberate, voluntary intention on his part to acknowledge an existing liability, nor a promise to pay the same.

In the instant case, however, there was abundant evidence the payment tolled the statute as to appellant. We need address our attention to only some of the pertinent facts. It is conceded if the payment tolled the statute as to appellant the action is not barred.

The original mortgage note of $2,000 was signed by both defendants in order to obtain money with which to purchase a home for them. The money was so used. The title to the home was in appellant. A certificate of installment stock in the Aetna Building &

Loan Association of Topeka had been issued in the name of appellant. She endorsed the stock in blank. The endorsement was witnessed by an official of appellee bank. The stock was held by the bank as additional security for the loan. Later the bank examiner objected to the loan. For the purpose of reducing the loan, appellee had this security delivered to appellant. It was to be cashed and the amount realized was to be applied on the loan. She signed the application for its surrender to the building and loan association. The latter executed a draft made payable to her, mailed it to its local agent, and sent a letter to her advising of the transmittal of the draft. The draft was delivered to her and she endorsed it. Her husband took it to appellee bank and had it credited to his account. The payment of $500 on the note, and the interest payment of $13.33 were then made on the note by her husband, about six days before the action became barred. Thus the loan on appellant's property was reduced to $1,500. Subsequently a renewal note of $1,500 was executed to which the husband signed her name and his. The old note was retained by the bank. The payment on principal and interest was made March 4, 1931. Beginning in the early part of the year 1934, appellant and the receiver had numerous conferences concerning the payment of the debt. Appellant came to the receiver's office and they also discussed the possibility of negotiating a loan with the Home Owners' Loan Corporation. They had about six conferences. The husband and wife made application for refinancing the loan. The receiver corresponded with the Home Owners' Loan Corporation about it. Appellant at no time prior to suit denied liability. She also negotiated with the receiver to determine whether the bank would accept the mortgaged property in full settlement of the loan.

There was ample evidence appellant voluntarily consented to this payment. That it was for her benefit cannot well be doubted. Further than that, she alone made the payment possible. Without her acts there would have been no funds with which to make the payment. The entire plan for the sale of her stock, held by the bank as additional security for the loan on her home, and the resulting payment would have failed except for her active consent and participation. It is difficult to conceive of circumstances which would more clearly evidence a voluntary and affirmative intention on her part to make a payment. There was abundant evidence the payment was made under circumstances which disclosed a deliberate

voluntary acknowledgment of her existing liability. Furthermore, over three years after the payment, and prior to suit, her conduct was in harmony only with such acknowledgment of existing liability.

The statute may have been tolled for other reasons than the one we have discussed, but it is unnecessary to consider them. Minor errors urged have been noted, but are not considered of sufficient importance to require treatment.

The judgment is affirmed.