No. 41,238

SHERLA LEE FISHER, *Appellant,* v. NELLE PENDLETON, *Appellee.*

(336 P. 2d 472)

Opinion filed March 7, 1959.

*Harry Gillig, Calvin L. McMillan* and *Thad Hanna,* all of Wichita, were on the brief for appellant.

*Robt. L. NeSmith, Justus H. Fugate* and *James B. Grant,* all of Wichita, were on the brief for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the lower court sustaining a demurrer to plaintiff's petition, as amended, seeking recovery on two promissory notes jointly executed by the defendant and her husband, and from an order striking the "FIRST AMENDED PETITION" from the files.

The underlying question of law is whether partial payment by one joint debtor (the husband) is sufficient to take the case out of the statute of limitations as to the other joint debtor (defendant wife) upon the allegations and circumstances presented by the record herein.

The appellant, Sherla Lee Fisher, brought an action for recovery on two promissory notes. It was filed on the 21st day of October, 1957. The first cause of action sought recovery on a promissory note dated September 30, 1936, in the principal sum of $1,000. The last payment on said note is alleged to have been made as follows:

". . . that the Defendant did on the 27th day of December, 1952, pay to this Plaintiff the sum of One and no/100 ($1.00) Dollars, which sum was to be applied on said note . . ."

In the second cause of action the appellant seeks to recover on a promissory note dated August 1, 1950, in the principal sum of $1,139.50. The last payment on said note is alleged to have been made as follows:

"That the Defendant has paid to this Plaintiff . . . the sum of Five and no/100 ($5.00) Dollars on December 3, 1955, which sum was to be applied on said note, . . ."

Copies of the respective notes were attached to the petition and made a part thereof. Each was a joint note signed by Nelle Pendleton (defendant-appellee) and Iris Pendleton, her husband. The payments made on each note were endorsed on the reverse side thereof and each, respectively, indicated the last payment as above set forth.

The plaintiff (appellant) relies upon the subsequent payments as above indicated to avoid the statute of limitations.

On November 18, 1958, the defendant filed her motion to make definite and certain wherein the court was requested to require that the plaintiff state how and in what manner, and by whom the last payments on the notes were made. Counsel for the plaintiff announced in open court upon the hearing of the motion that he would supply the information sought. Thereupon the trial court overruled the motion. This is evidenced by a journal entry filed December 23, 1957, wherein it was recited that the plaintiff supplied the defendant with the following information:

"Payment of December 27, 1952 in the sum of $1.00, on the note identified as Exhibit 'A' in plaintiff's petition, as it relates to the First Cause of Action, was made by Iris Pendleton to the plaintiff;

"Payment of December 3, 1955 in the sum of $5.00, on the note identified as Exhibit 'B' in plaintiff's petition, as it relates to the Second Cause of Action, was made by Iris Pendleton to the plaintiff."

The journal entry further recited that the parties stipulated "that the above statements may be considered as amendments to plaintiff's petition as though fully incorporated therein." The defendant was given ten days in which to demur or answer.

The hearing on the above motion was conducted on the 2nd day of December, 1957, and the rulings were announced in open court as of that date. On December 11, 1957, the defendant filed a demurrer attacking each cause of action on the ground that the petition, as amended, did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant and for the further reason that the petition, as amended, showed on its face that the respective causes of action were barred under the provisions of G. S. 1949, 60-306.

On January 11, 1958, the plaintiff filed what is denominated a "FIRST AMENDED PETITION." Insofar as the allegations set forth therein are material to this appeal, they allege with respect to the first cause of action:

"5. That all the above payments were made to the Plaintiff, Sherla Lee Fisher, by Defendant's husband, Iris Pendleton, now deceased; that said payments were made with the full knowledge and consent of the Defendant, Nelle Pendleton; that said Defendant knew or had reason to know that said payments would renew her liability on said note; that said Defendant did, on or about November 1956, and subsequent to the death of her husband, Iris Pendleton, verbally acknowledge her liability on said note to the Plaintiff in this action."

It further alleged with respect to the second cause of action:

"3. That all of the above payments were made to the Plaintiff by the Defendant's husband, Iris Pendleton, now deceased; that said payments were

made with the full knowledge and consent of the Defendant, Nelle Pendleton; that said Defendant knew, or had reason to know that said payments would renew her liability on said note; that the Defendant, Nelle Pendleton, did on or about November 1956, and subsequent to the death of her husband, Iris Pendleton, verbally acknowledge her liability on said note to the Plaintiff in this action."

This so-called "FIRST AMENDED PETITION" was filed without prior leave of court and more than ten days after the defendant's demurrer was filed.

On the 13th day of January, 1958, the trial court sustained the defendant's demurrer to both the first and second causes of action.

Thereafter the defendant on the 18th day of January, 1958, filed a motion to strike the "FIRST AMENDED PETITION." This motion was sustained by the court on March 14, 1958. The plaintiff perfected her appeal from this order on May 6, 1958, but did not include in her notice of appeal the order sustaining the demurrer to the original petition, as amended, although specified as error in her abstract. On October 17, 1958, after expiration of the time for appeal from the order sustaining the demurrer, but long before the submission of this case, the appellant moved this court for leave to amend her notice of appeal to include such order. Pursuant to authority under G. S. 1949, 60-3310, leave was granted appellant to amend accordingly. Appellee's objections thereto were overruled with leave to renew such objections at the hearing on the merits.

An intelligent approach to the interwoven questions presented requires a review of the underlying proposition of law.

In England it was held at an early date that a payment by one of two or more joint debtors was sufficient to suspend the statute of limitations as to all of his co-obligors. Payment by one was regarded as payment for all, the one acting virtually as agent for the rest. (*Whitcomb v. Whiting*, [1731], 2 Doug. [K. B.] 652, 99 Eng. Rep. 413.) In the absence of statute the majority of the states in the United States have reputed the rule of *Whitcomb v. Whiting*, supra.

The Kansas Supreme Court as early as 1878 in the case of *Steele v. Souder*, 20 Kan. 39, held that partial payment made by one debtor on a note, will not suspend the running of the statute of limitations in favor of the other debtors thereon, although the party paying be the principal debtor, and the others only sureties. In that case Justice Brewer speaking for the court analyzed the statute which was the forerunner of G. S. 1949, 60-312, identical in wording, which reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The court there concluded:

". . .. No valid reason exists why payment should be more potent than acknowledgment, or promise. Indeed, payment was treated by the courts as simply an evidence of acknowledgment. Such construction makes the various provisions of this section not only harmonious with each other, but with the general provisions of the statutes making each party to an instrument severally liable thereon. Severally liable, each should be severally protected. The statute nowhere in terms states who will be liable in case of payment, or who must make the payment to avoid the statute. But that the payment must be by the one to be charged, . . ." (p. 42.)

The general rule of law announced in *Steele v. Souder*, supra, has become firmly entrenched in this jurisdiction. (See *Hurley v. Gray*, 103 Kan. 345, 173 Pac. 919, and cases accumulated therein.)

A part payment in order to be efficient to toll the statute of limitations, or to remove the bar, must have been made as part payment of the obligation in question by the obligor, or by someone at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation. (*Good v. Ehrlich*, 67 Kan. 94, 72 Pac. 545; *Shanks v. Louthan*, 79 Kan. 363, 365, 99 Pac. 613; and *In re Estate of Badger*, 156 Kan. 734, 743, 137 P. 2d 198.)

An acknowledgment which will remove the bar of the statute of limitations must be distinct, unequivocal and without qualification, and nothing less than a direct admission of a present existing liability is sufficient. (*Durban v. Knowles*, 66 Kan. 397, 71 Pac. 829.)

In *Elmore v. Fanning*, 85 Kan. 501, 117 Pac. 1019, one of two joint makers of a promissory note, who was in fact a surety, made a part payment on the note shortly after it became due as agent of the other who was the principal maker and with his money. At the time of such payment he stated to the holder of the note that the money so paid belonged to his co-obligor for whom and at whose request he was paying it. The court held such payment did not affect the operation of the statute of limitations as to the surety, the payment being that of the one for whom he was acting as agent. The court after recognizing the above rules stated that the failure of the surety to express some reservation of his rights fell far short

of an acknowledgment or promise to pay, and that the statute required a writing to make such acknowledgment or promise effectual. The court further stated:

". . . But there can be no legal significance in yielding or refusing assent to an act which the party has no right to interfere with or prevent. The note was due and the coobligor had a perfect right and it was his duty to pay it. Objection would have been vain, and knowledge is immaterial . . ." (pp. 504, 505.)

The above language may be construed as a holding that knowledge and acquiescence in part payment on a note by one of the joint makers do not affect the operation of the statute of limitations as to him. It is well to bear in mind that abstract statements of the law should be tempered by the facts which give rise to their pronouncement. In making a study of the cases on the point of law here presented it is imperative to remember that accommodation makers (See G. S. 1949, 52-306) or volunteer sureties, as they are sometimes called, are favorites of the law. To illustrate see *Bank v. Livermore*, 90 Kan. 395, 133 Pac. 734, where the co-obligors on a note were more than mere volunteers. There a note signed by the corporation and by three individuals, who were the principal stockholders, and were also directors of the corporation, but who otherwise received no benefit from the transaction, and who intended to bind themselves as sureties only, were denied benefit of the statute of limitations where the note was extended by a cashier of the bank. (But see *Abele v. Dietz*, 312 Mass. 685, 45 N. E. 2d 970, 144 A. L. R. 1015, 1019, as to partial payment made by a corporation at the direction of an officer upon an indebtedness for which he was also liable.)

The question whether the statute of limitations may be tolled by payment under the provisions of 60-312, *supra*, was before the court in *Gorrill v. Goff*, 148 Kan. 765, 84 P. 2d 953. There a credit endorsement was made by a bank, the payee on a note, without the original knowledge or consent of the maker. Later the maker was informed of the credit given on his note but *failed to raise any objection or make any protest against the endorsement of said credit upon the note*. It was held, affirming the ruling of the trial court, that the maker had *orally ratified* the payment and was bound by such ratification as though he had originally made the payment under circumstances amounting to an acknowledgment of the debt. In other words, the court held that ratification of a payment was not the kind of acknowledgment of the debt which under the statute must be in writing. The court there stated:

"From this statute it is apparent three things may toll the statute of limitations. One is a payment. The others are acknowledgment of the debt in writing or a promise in writing to pay the debt, each signed by the party to be charged thereby. A payment obviously may be made otherwise than in writing. A payment, like any other act, may be ratified. The court having interpreted the special verdict as disclosing an express ratification by the defendant, no treatment of the subject of an implied ratification is necesary . . . ." (p. 769)

The court there recognized payment to be an executed acknowledgment which speaks for itself and requires no writing to establish it. The principle upon which part payment takes a case out of the statute is that the party paying intended by such payment to acknowledge and admit the greater debt to be due, and from which the trier of the facts would be warranted in finding an implied promise to pay the balance. (*Good v. Ehrlich*, supra; and *Pessemier v. Zeller*, 144 Kan. 726, 62 P. 2d 882, 107 A. L. R. 1523.)

Cases before this court in which a husband and wife were the joint makers of a note, as principals, have not led to any clear pronouncement on the question of law here presented, where part payment is made by one upon the joint indebtedness. It is clear that such payment by one will not suspend the statute as to the other unless the payment was authorized by the latter. The question remains, what is sufficient to constitute an authorization?

In *Ellis v. Snyder*, 83 Kan. 638, 112 Pac. 594, a husband and wife executed a note secured by a mortgage on their land. The husband thereafter died having previously conveyed the land to his wife. She rented the farm to her son-in-law, and during such tenancy she died. The son-in-law with his *wife, an heir*, continued in possession of the farm and before the expiration of five years from the maturity of the note made a small payment on the debt. They continued in possession for a number of years until a foreclosure action was brought with the *acquiescence* of the brothers and sisters of the wife. Several payments were made upon the indebtedness by the husband (son-in-law). He also paid the taxes on the land, all of which payments were made from the proceeds of the crops raised upon the land. The husband neither paid nor contracted to pay any rent to any of the heirs. In an action to foreclose the mortgage brought within five years of the last payments on the note it was held that such payments prevented the running of the statute of limitations in favor of any of the heirs against the mortgage debt. Regarding the payments by the husband (son-in-law) the court said of the wife, an heir to the original makers of the note, ". . . she signed with him chattel mortgages on the growing crops to

enable him to carry out the plan [to purchase the interest of the other heirs], and she *knew generally of the payments he made,* and, from the general findings of the court against her, it must be assumed that it found that *she acquiesced therein.*" (p. 640.) (Emphasis added.) Possession of the land was found to be with the consent or acquiescence of the other heirs, and the payments on the interest were said to be made for the benefit, in part, of each.

A note jointly executed by a husband and wife was similarly secured by a mortgage in *Jackson v. Longwell,* 63 Kan. 93, 64 Pac. 991. The husband made payments which tolled the statute of limitations but the court held that the note became barred as to the wife, sustaining the jury's finding upon the evidence which upheld the wife's contention ". . . that such payment was made by her husband, *not as her agent, and without her knowledge or consent, and that such payment has not been ratified by her.*" (p. 95.) (Emphasis added.) The court further held that the mortgage could be foreclosed and the wife's land sold to pay the judgment rendered against the husband. (But see *Hubbard v. Ogden,* 22 Kan. 363, where the wife was a surety of the husband to the extent of her separate property which she mortgaged, and entitled with respect to such property to all the rights of a surety.)

In *Hayes v. Reid,* 145 Kan. 51, 64 P. 2d 19, payment by a husband on a joint note executed by the husband and wife as principals was held upon all the evidence to toll the statute of limitations as to the wife. In that case there was no doubt the payment was for her benefit and the evidence was ample to show she voluntarily consented to the payment, under *circumstances which disclosed a deliberate, voluntary acknowledgment* of her existing liability.

It is apparent from the foregoing authorities where a husband and wife jointly execute a promissory note, as principals, that circumstances may arise which toll the statute of limitations as to the one joint debtor although payment was made *ostensibly* by the other. Thus, if one joint debtor *knows and consents to a payment by another joint debtor, or directs or requests another joint debtor to make a payment, or ratifies such payment,* such circumstances will interrupt the running of the statute of limitations as to him. This is generally held to be the law. (See 121 A. L. R. 553.)

In an action on a promissory note, bearing a receipt of money endorsed on the back thereof, in order to remove the apparent bar of the statute of limitations *the petition must allege payment by the debtor.* An endorsement of a receipt of money, made after

the statute has run, is regarded as a self-serving declaration of the creditor and not as evidence against the debtor. For this reason it does not indicate payment by the maker which would revive liability in and of itself, but must be proved by other evidence. (*Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693.)

Turning now to the original petition filed by the plaintiff, it is clear under the foregoing rules that it alleged a good cause of action on each of the promissory notes in question. Each cause of action alleged a payment by the defendant which was applied and endorsed as a payment on the note extending the statutory period within which to bring an action. The motion to make definite and certain attacking the petition was designed either to force plaintiff to plead her evidence or to set up matters of defense. While a ruling on such motion by a trial court is within its sound judicial discretion, it is not apparent that the trial court would have required the plaintiff to amend her petition. The plaintiff consented to supply the information sought and the motion was overruled. We will assume this irregular procedure is equivalent to a ruling by the trial court sustaining the motion. The plaintiff thereupon supplied information which, insofar as the record discloses, complied with the ruling of the court in all respects, thus giving the petition, as amended by the journal entry of December 23, 1957, the benefit of liberal construction. (*Walton v. Noel Co.,* 167 Kan. 274, 205 P. 2d 928; *Clark v. Meyers,* 173 Kan. 96, 244 P. 2d 217; *Hickert v. Wright,* 182 Kan. 100, 319 P. 2d 152; and *Gibbs v. Mikesell,* 183 Kan. 123, 325 P. 2d 359.) Furthermore, the statute of limitations, being an affirmative defense, can be raised upon demurrer only when the facts alleged clearly show upon the face of the petition that the cause of action is barred. (*Klotz v. Board of County Commissioners,* 176 Kan. 325, 270 P. 2d 281.)

Liberally construed in favor of the pleader and given the benefit of all reasonable inferences the petition, as amended by the journal entry of December 23, 1957, states that the defendant made a partial payment to the plaintiff to be applied on each of the respective notes sufficient to toll the statute of limitations, but that her husband, Iris Pendleton, actually paid the money to the plaintiff, the reasonable inference being that it was a mutual payment and the parties thereby mutually acknowledged their liability of the greater amount due on the note. (See *Elmore v. Fanning,* supra.)

The "First Amended Petition" filed by the plaintiff on January 11, 1958, in our opinion, also given a liberal construction, stated a good cause of action against the defendant for recovery on each of the notes in question under the rules of law heretofore stated. The verbal acknowledgment alleged, may also, depending on the evidence presented, be an oral ratification of the payment under *Gorrill v. Goff*, supra. (See *Kindsvater v. Hineman*, 181 Kan. 990, 317 P. 2d 852.)

Having reviewed the law and stated our opinion upon application of the law to the respective pleadings presented by the record, we shall now turn to the questions raised by this appeal.

Should the appellant be allowed to amend her notice of appeal to include the order of the trial court sustaining the demurrer to the plaintiff's original petition, as amended?

G. S. 1949, 60-3310, provides:

"Any notice of appeal may be amended at any time by bringing in additional parties *or otherwise*, before the hearing, as to the appellate court may seem fit, and in case such court shall deem it necessary that it have papers or entries that have not been transmitted to it, it may require their immediate certification and transmission." (Emphasis added.)

Appellee first contends that this court has no jurisdiction to amend a notice of appeal to include an order rendered by the district court beyond the statutory period within which an appeal could be taken from such order. (G. S. 1949, 60-3309.) Appellee relies upon cases such as *Mathias v. Dickerson*, 179 Kan. 739, 298 P. 2d 219; and *McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 122 P. 2d 787, where after a valid appeal was taken from a judgment within the time provided by 60-3309, *supra*, this court, under the provisions of 60-3310, *supra*, on timely application, before the hearing of the appeal upon its merits, permitted an amendment of the notice of appeal to include an appeal from an order overruling a motion for a new trial.

It is argued that under 60-3310, *supra*, amendment has been permitted to include only such orders as have been entered by the trial court *after* the judgment from which appeal has been taken and duly perfected. This point is not well taken. The authority granted by this statute is discretionary and amendments have been granted to broaden the scope of review. The substance of the holding in *Deal Lumber Co. v. Vieux*, 179 Kan. 760, 298 P. 2d 339, in construing this statute and making a practical application

thereof is absolutely contrary to the argument advanced by the appellee herein. On this point ·see G. S. 1957 Supp., 60-3314a, and cases cited thereunder, including cases cited under G. S. 1949, 60-3314a.

Appellee next contends that the filing of the "FIRST AMENDED PETITION" by the plaintiff below was an acquiescence in the order of the trial court sustaining the demurrer to the plaintiff's original petition, as amended. It is difficult to see how plaintiff could acquiesce in the trial court's ruling on the demurrer by filing a first amended petition prior to the ruling of the trial court on such demurrer. (See *Steele v. Rapp*, 183 Kan. 371, 327 P. 2d 1053.)

It must be noted the trial court did not grant the appellant leave to file the "FIRST AMENDED PETITION" in the instant case as was true in the case of *Harmon v. James*, 146 Kan. 205, 69 P. 2d 690. In that case it was held, where a demurrer to a petition is sustained and the plaintiff is given time within which to file an amended petition, and subsequently with the consent of the trial court does file an amended petition, the plaintiff cannot, while the amended petition is pending, appeal from the order sustaining the demurrer. Under these circumstances it was said the plaintiff voluntarily acquiesced in the ruling on the demurrer. But see *Miles v. Hamilton*, 106 Kan. 804, 189 Pac. 926, where the filing of the amended petition was said merely to preclude an appeal from the order sustaining the first demurrer but was not conclusive upon the appellant as to the question of law involved therein on appeal from a similar ruling on the amended petition amplifying the original. (And see *Fruit v. Stacy*, 168 Kan. 632, 215 P. 2d 140.)

Under the circumstances in the instant case the striking of the "FIRST AMENDED PETITION" and dismissing the action at the costs of the appellant was a final order. It is clear under G. S. 1957 Supp., 60-3314a, that a valid appeal by a party, after a final judgment against him, does not prevent a review of some other ruling of which complaint is made, even though such ruling may have been entered more than two months before he perfected such appeal. (*Arnall v. Union Central Life Ins. Co.*, 157 Kan. 535, 142 P. 2d 838; and *Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720.)

Having determined that no compelling reason exists to deny appellant's motion, leave is granted to amend the notice of appeal to include the order sustaining the demurrer to the original petition, as amended. For the reasons heretofore stated the trial court erred in ruling this demurrer.

Did the trial court err in striking appellant's "First Amended Petition" from the files?

It is recognized that the appellant was not granted leave prior to the filing of the "First Amended Petition" in the trial court, and the fact that it was filed without leave more than ten days after the filing of the demurrer by the appellee to the original petition, as amended, precludes application of the provisions of G. S. 1949, 60-757. The statutes applicable to the situation here presented have been construed in the case of *Reed v. Western Light & Tel. Co.,* 155 Kan. 134, 122 P. 2d 723. The court there held the provisions of G. S. 1949, 60-759, govern a situation such as we have presented in the instant case. This section gives trial courts authority to permit amendments of pleadings in the furtherance of justice and on such terms as the court may deem proper. This is the only section providing for an amendment to a pleading when more than ten days have elapsed after the filing of a demurrer to such pleading. The power of discretion conferred by this statute upon the trial court is not an absolute or an arbitrary power, but a power of judicial discretion. Such discretionary power is granted under the statute in the furtherance of justice relative to the substantive rights of the parties, and not to impede justice with respect to such rights. In other words, procedural matters are designed to aid parties litigant in a court of law to resolve conflicts on the basis of their substantive rights, and they are not designed for use by a trial court to the prejudice of such rights. Before a judgment will be reversed for refusing to permit an amendment of a pleading, it must affirmatively appear from the record that there was an abuse of discretion by the trial court.

At the hearing on the motion to strike the "First Amended Petition" from the files the trial court was called upon to exercise its discretion pursuant to 60-759, *supra.* The irregular procedure adopted in the trial court left the appellant with a petition, as amended, somewhat ambiguous if literally construed, with appellee seeking to take advantage on technical grounds. By sustaining appellee's demurrer and striking appellant's "First Amended Petition" from the files, in the absence of appeal, appellant would have been forced to file a new action at which time the note set forth in the first cause of action would have been barred by the statute of limitations. Furthermore, if the original petition had failed to state valid causes of action in the first instance, it could not have been amended by the appellant at a time subsequent to

the running of the statute of limitations. (*Liphart v. Myers,* supra.) But the appellant did allege two good causes of action in the original petition. Therefore, amendment of the petition showing good causes of action would not affect appellant's rights with respect to the statute of limitations. Under these circumstances appellee's only chance for defeating appellant's first cause of action at the pleading stage of the case was to procure rulings from the trial court precisely as the trial court had ruled.

At the time of hearing the appellee's motion to strike the "FIRST AMENDED PETITION" from the files the trial court had sustained the demurrer to the original petition, as amended by the journal entry of December 23, 1957. It is noted that the trial court ruled the motion to strike one day after the expiration of two months from the ruling on the demurrer. Therefore, if appellee's theory of the law were correct, that appellant could not appeal from the ruling on the demurrer since appellant had acquiesced therein, and a ruling on the motion to strike was not reviewable on the ground that the trial court had an absolute power of discretion whether leave should be granted to file the "FIRST AMENDED PETITION," appellee would prevail at the procedural stage on the note set up in the first cause of action. Under these circumstances, if appellee's theory were correct, appellant was at the complete mercy of the trial court when it was called upon to exercise its discretion. Upon all of the facts, conditions and circumstances presented by this record, we are of the opinion that the trial court abused its discretion in striking the "FIRST AMENDED PETITION" from the files.

Contrary to the appellee's contention, the "FIRST AMENDED PETITION" did not change the nature of the action. The original allegations of the "FIRST AMENDED PETITION" were only an enlargement and amplification of the averments of the original petition and the petition, as amended by the journal entry of December 23, 1957. It more definitely stated that which was previously pleaded and did not set up any new causes of action. (*Smith v. LaForge,* 170 Kan. 677, 228 P. 2d 509; and *Steele v. Rapp,* supra, and cases cited therein.)

Very few cases have been before this court at the pleading stage of the case, where the question concerned the tolling of the statute of limitations as to one jointly liable on a note when a partial payment was made on the indebtedness by another jointly liable. In nearly all cases the question arose upon the evidence. A party

is not required under the provisions of G. S. 1949, 60-704, to plead his evidence, but may await the trial for its presentation.

The judgment of the lower court is reversed with directions to reinstate the "FIRST AMENDED PETITION" and proceed with the trial in accordance herewith.