Durban v. Knowles.

---

66  397)
79  365

J. B. DURBAN AND E. F. HATCH, *as Administrators,* *etc.,* v. EDWIN KNOWLES.

No. 12,987.  (71 Pac. 829.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTION—*Acknowledgment of Debt.* An acknowledgment which will remove the bar of the statute of limitations must be distinct, unequivocal, and without qualification, and nothing less than a direct admission of a present existing liability is sufficient.

Error from Shawnee district court; Z. T. HAZEN, judge.  Opinion filed March 7, 1903.  Affirmed.

STATEMENT.

THIS was an action to recover on a written guaranty of payment by Edwin Knowles of a promissory note of $1500, made June 7, 1888, and, also, a like guaranty of three certificates of deposit issued by the State Bank of Brookville, Kansas, dated October 19, 1893, payable four months after date. The defendant was the father of E. C. Knowles, who was vice-president of that bank. The note and certificates remaining unpaid, this action was begun July 12, 1900, on his guaranties of payment. To take the guaranties out of the statute of limitations the petition set forth a copy of a letter

written by Edwin Knowles to the holder of the paper, a copy of which is as follows:

.‘‘TOPEKA, KAN., 11–8, 1897.

‘‘ *Thos. Harbach, Willoughby, Ohio :*

‘‘DEAR SIR—Your favor of the 4th is rec'd. I herewith send you certificates of dep. 1491–2–3, for $1000 each, issued by the State Bank of Brookville, Kan., to you. I have never had the notes referred to. I can give you no encouraging acc't of the Brookville bank. After the *first* assignee had taken possession and made his invoice, he wrote me that the bank would pay all debts, and divide 40 per cent. to the stockholders. I thought he was high in his estimate, but never doubted its paying all debts, as there were less than $10,000 of unsecured debts, and the cattle were estimated to pay the first mortgages and leave $7000 surplus to the bank. But by some means they allowed all the cattle to go on the 1st mortgages. To any observer it looked like collusion and fraud on the part of the assignee. Other good assets were frittered away and used up in unnecessary expenses, and then the assignee resigned and moved to Iowa. The present assignee found probably $2000 in assets, and I do not see why he cannot make some dividend. The result has been very disastrous to me. To protect my credit and standing, immediately upon the failure of the bank, I turned over all my property but my homestead, (a very moderate one,) to secure my liabilities, caused by my son and his bank. I believed that within a year, at least, the bank would pay out and my securities be returned, but it has proved otherwise. I also immediately cut my expenses down one-half. Let hired girl and hired man go, and sold my horses and carriages. My wife does her own housework, and I attend to outside work and furnace. It has taken every dollar I could spare from my salary to pay the interest on these secured debts, in hopes ultimately to save some equity, when the securities could be sold at a fair value, with which to pay my creditors. Nearly all my creditors have been very lenient and are disposed to be so, but a few re-

quired payment, and by great sacrifice I have met their demands. I can do nothing more now in that line. I regret very much that you should suffer from my son's failure, and if it was possible I would protect you. I assure you that if it is ever in my power to do so I will remember you among the first.

Yours truly,   EDWIN KNOWLES.''

The defendant demurred to the petition on various grounds, but relied on the bar of the statute of limitations. The demurrer was sustained, and, the plaintiffs having elected to stand on the demurrer, judgment was given in favor of defendant. The plaintiffs allege error.

*Garver & Larimer*, for plaintiffs in error.

*Gleed, Ware & Gleed*, and *John L. Hunt*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : It is conceded that this action is barred unless the letter set forth in the foregoing statement constitutes a statutory acknowledgment of an existing liability. The statute prescribes that it must be a written acknowledgment of an existing liability, signed by the party to be charged thereby. (Code, § 24; Gen. Stat. 1901, § 4452.) This provision has been frequently interpreted and applied, and it has been held that the acknowledgment must be distinct, unequivocal, and without qualification, and that nothing less than a direct admission of a present existing liability is sufficient. (*Hanson v. Towle, Adm'r*, 19 Kan. 273; *Elder v. Dyer*, 26 id. 604, 40 Am. Rep. 320; *Gragg v. Barnes*, 32 id. 301, 4 Pac. 276; *Haythorn v. Cooper*, 65 id. 338, 69 Pac. 333.)

A mere mention of an indebtedness, or a suggestion with reference to it which does not distinctly recog-

nize an existing liability, will not remove the bar. It is not necessary that the acknowledgment be in the terms of the statute, or any other set phrase, for, if the admission be such that a present existing liability is necessarily inferable from the language used, it will take the case out of the statute. We conclude, however, that the language of the letter relied on here falls considerably short of a direct, unequivocal and unqualified admission of a present existing liability of the writer. It will be observed that the defendant was not the maker of the note, and that the certificates of deposit were original liabilities of the Bank of Brookville. While there is a reference in the letter to the certificates and note, no mention is made of the contracts of guaranty upon which the action was brought. No statement is made that he was ever liable on the notes or certificates, and no reference whatever is made to any liability on the guaranties. The language in the letter on which reliance is mainly placed is as follows :

"Nearly all my creditors have been very lenient and are disposed to be so, but a few required payment, and by great sacrifice I have met their demands. I can do nothing more now in that line. I regret very much that you should suffer from my son's failure, and if it was possible I would protect you. I assure you that if it is ever in my power to do so I will remember you among the first."

The reference to his creditors is too general and indefinite to be regarded as a sufficient recognition of liability. In this part of the letter he expresses regret that Harbach, the holder of the paper, should suffer from his son's failure, and he accompanies it with the statement that if it were possible he would protect Harbach. The natural implication of the language is that he would protect Harbach against

the son's failure and debts, and in that connection he tenders the assurance that, if it is ever in his power to do so, he will remember Harbach among the first.

It will be observed that he says nothing about his own liability to Harbach, nor anything from which an admission of an existing liability is necessarily inferable.   The language is more nearly a recognition of the son's liability than of his own, but, in any event, there is not that direct, unequivocal and unqualified admission of a present existing liability of himself necessary to take the case out of the statute.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.