ARCH MILLER, *as Administrator, etc.,* v. C. C. McDOWELL.

No. 13,632.   (77 Pac. 101.)

SYLLABUS BY THE COURT.

1. ORAL ASSUMPTION OF DEBT — *Proof of Statements to a Stranger Admissible.* Proof of statements and admissions made by an alleged debtor to a stranger, that he is liable for one-half of a certain indebtedness evidenced by the promissory note of another, is admissible in an action against his administrator to recover such admitted indebtedness.

2. ———— *Payment and Admission to Bank Cashier Sufficient to Toll the Statute.* A payment made to the cashier of a bank which holds a note for collection, with the statement by the person making such payment that he is obligated for one-half of the note and interest, though such person be neither maker nor indorser of the note, is sufficient to toll the statute of limitations as to him.

Error from Chase district court; CHARLES B. GRAVES, judge *pro tem.* Opinion filed June 11, 1904. Affirmed.

*Edwin A. Austin* and *J. C. Egan,* for plaintiff in error.

*Kellogg & Madden,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: C. C. McDowell and John McDowell were brothers, and sons of Charles McDowell, who died possessed of two tracts of land containing 98 and

160 acres, respectively. The 98-acre tract was en-cumbered by a mortgage to Chase county, upon which $1000 was due at the time of the transactions herein-after stated. On July 29, 1881, Charles McDowell borrowed from J. K. Carter $1000 with which to pay the Chase county mortgage, and secured Carter by a mortgage on the 160-acre tract. On April 3, 1883, Charles McDowell conveyed to John McDowell the 98-acre tract, which was at the time clear of encumbrance, and to C. C. McDowell 100 acres of the 160-acre tract, which was encumbered by the Carter mortgage given by Charles McDowell and wife and C. C. McDowell and wife. These conveyances were gifts from the father to his sons. It is agreed that the 98-acre tract and the 100-acre tract were of equal value.

Plaintiff alleges that when these conveyances were made, in order to make the gifts equal between the sons, the father exacted an agreement from John McDowell that he would pay one-half of the Carter mortgage and that C. C. McDowell should pay the remainder, thus equalizing the value of the gifts, and leaving the sixty acres retained by the father clear of all encumbrance. The two sons paid the accruing interest annually upon the Carter debt until it matured, when it was renewed by the execution by Charles and C. C. McDowell of a new note, secured by a mortgage upon the 160-acre tract. It is alleged that at this time a new agreement, similar to the former one, was exacted of John and by him executed. After the renewal of the Carter note John paid his proportion of the interest on this debt until the time of his death, which occurred August 1, 1888, and soon thereafter this plaintiff was appointed administrator of his estate.

The present action originated in a proceeding in the

probate court by C. C. McDowell to have one-half of the Carter debt charged against the estate of John. The cause was appealed from there to 'the district court, where judgment was rendered against the administrator, and to reverse it the latter prosecutes error. (This cause has been in this court before and is reported in 63 Kan. 75, 64 Pac. 980.)

The first error alleged is in the admission of the testimony of W. D. McDowell, W. W. Sanders, and Robert Clements, relating to statments made to them by John McDowell concerning his liability for the Carter indebtedness. It is claimed that this testimony was introduced to toll the statute of limitations, and erroneously so, because it was made to strangers who had no interest in the matter. It is not clear that this was the only purpose for which this testimony was introduced; it was competent for another purpose. The administrator denied that John McDowell had agreed to pay any portion of the Carter debt. The testimony of these witnesses of statements made by John that he was liable for one-half of the Carter debt was admissible as tending to prove the fact.

It is contended that more than three years had elapsed between the time of the original agreement and the time when this proceeding was commenced; that therefore the statute of limitation had barred any right of action, and the court should have sustained defendant's demurrer to the evidence offered by plaintiff. We think counsel has overlooked the testimony of J. F. Kirker, the cashier of the Strong City Bank, which was to the effect that the bank held the Carter note and mortgage for collection, and that some time within a year before the death of John McDowell he came to the bank and inquired of Kirker about his note. When informed that the bank held no note

against him, he referred to the Carter note and stated that he was liable for one-half of it and interest, and that he desired to pay his proportion of the interest, which he did, and the cashier credited it on the note. This statement to the cashier, while acting as the agent of Carter, is equivalent to a statement made to Carter himself. (*Sibert v. Wilder*, 16 Kan. 176, 22 Am. Rep. 280 ; *Schmucker v. Sibert*, 18 id. 104. 26 Am. Rep. 765 ; *Investment Co. v. Bergthold*, 60 id. 813, 58 Pac. 469.)

Of course, an oral admission of a debtor of his liability will not toll the statute, but a payment made to the agent of the creditor to be applied on the debt, accompanied by a statement by the person making it that he is liable for one-half of it, is sufficient acknowledgment of his liabilty to toll the statute as to him. Section 4452 of the General Statutes of 1901 provides : "In any case founded on contract, when any part of the principal or interest shall have been paid, . . . an action may be brought in such case within the period prescribed for the same after such payment. . . ."

A contention is made that the court erred in excluding the testimony of Margaret McDowell. It was the purpose of the defendant to prove by this witness that there was another and different agreement between John and Charley by which John had agreed to pay one-half the interest on the Carter debt. It was not the purpose to show by such testimony that the agreement relied on by plaintiff did not exist, nor that the money paid by John to the cashier was not under such agreement, but to establish a theory different from that claimed by plaintiff. It did not tend to dispute or deny any material contradicted fact ; at best, it could only have raised a very remote inference

against the claim of plaintiff. In view of the evidence in this case, the defendant was not prejudiced by the exclusion of such testimony.

The judgment of the court below is affirmed.

All the Justices concurring.