Shanks v. Louthan.

---

Thomas Shanks *et al.* v. John Louthan *et al.*

No. 15,800.   (99 Pac. 613.)

SYLLABUS BY THE COURT.

Limitation of Actions—*Tolling the Statute—Indorsement of Rents on Note by Mortgagee in Possession.* When a mortgagee in possession of the mortgaged real estate by tenant applies the rents received thereon to the payment of taxes and for repairs, and indorses the balance as payments upon the note secured by the mortgage, with the mortgagor's knowledge but without any direction to do so or other authority than such as may be implied from these facts, such indorsements do not remove the bar of the statute of limitations in an action to collect the mortgage debt.

Error from Mitchell district court; Richard M. Pickler, judge. Opinion filed January 12, 1909. Affirmed.

*Frank T. Burnham,* and *George W. Dashiell,* for plaintiffs in error.

*F. J. Knight, C. L. Kagey,* and *R. M. Anderson,* for defendants in error.

The opinion of the court was delivered by

Benson, J.: The petition in this suit was upon a promissory note and mortgage, praying for a foreclosure. The note is dated October 1, 1885, and bears the indorsements of several small sums from May 31, 1897, to April 19, 1899, inclusive.

The answer averred that such indorsements were falsely and fraudulently entered by plaintiffs, and that

such payments were never made, and pleaded the five-year statute of limitation.

The reply alleged the following facts: That in 1889 defendants Louthan and wife, who made the note and mortgage, departed from this state and were continually absent until October, 1893; that from the date of the note and mortgage until 1894, after their return to the state, they were in possession of the premises by themselves or tenants; that during the year 1894 they abandoned the premises, which were deteriorating in value, and the security was being impaired; that in order to protect themselves from a total loss the plaintiffs, while Louthan and wife were residing in the village where the premises were situated, took possession of and rented the property, and, after paying taxes and making necessary repairs, credited upon the note the proceeds of such rentals, with the knowledge of Louthan and wife, who again left the state in the early part of 1898, and ever since have been absent therefrom; that about April, 1901, defendants Main and wife, claiming to be agents for the Louthans, took possession of, and still hold, the premises.

The defendants demurred to the reply, and the demurrer was sustained. The plaintiffs allege error in this ruling.

The note fell due October 1, 1886. Deducting the period of their absence from the state, as alleged in the reply, the makers of the note were still in the state at least five years and ten months before the first payment was indorsed, May 31, 1897, and more than six years and five months before their departure the second time. The only question is whether the act of the mortgagee in possession in crediting upon the note the net rentals for the mortgaged premises, with the knowledge of the mortgagors, removed the bar of the statute of limitations. The statute says:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an

acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." (Civ. Code, § 24.)

The payment to avoid the bar of the statute must be made under such circumstances as to amount to an acknowledgment of an existing liability. The mere knowledge that the proceeds of the rental after paying taxes and repairs were applied on the note was insufficient.

"While the language of the statute is that a part payment shall operate to toll the limitation, it certainly can not be understood to mean that such part payment made by any one at any time for any purpose would so operate. It is well recognized in the books that such payment must be made by the obligor, against whom the statute is sought to be tolled, or by some one at his direction, and made as a part payment of the debt under such circumstances as to amount to an acknowledgment of an existing liability." (*Good v. Ehrlich,* 67 Kan. 94, 96, 72 Pac. 545.)

(See, also, *Durban v. Knowles,* 66 Kan. 397, 71 Pac. 829.)

The plaintiffs cite cases holding that while a mortgagee is in possession the mortgagor can not maintain ejectment against him without paying the debt, although the debt is barred by limitation. But this is a direct action to enforce the payment—an entirely different proposition. No authorities are cited holding that the crediting of rents by a mortgagee in possession, with the mere knowledge of the mortgagor, will operate to remove the bar of the statute, where a direct action is brought to recover judgment on the mortgage debt. The proposition is not supported by the language of the statute or its previous interpretations by this court.

The judgment is affirmed.