No. 33,043

H. Pessemier, *Appellant,* v. Charles Zeller, *Appellee.*

(62 P. 2d 882)

Opinion filed December 12, 1936.

*Maurice Murphy,* of St. Marys, for the appellant.
*C. E. Carroll* and *A. E. Carroll,* both of Alma, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action for money judgment on a note. Defendant prevailed, and plaintiff appeals.

The trial court sustained defendant's motion for judgment on the pleadings on the ground the action was barred. Concerning this judgment plaintiff complains.

The action was commenced on October 21, 1935. The pertinent facts alleged in the petition in substance were that on November 13, 1929, defendant executed and delivered to the State Bank of Paxico, Paxico, Kan., his promissory note in the sum of $1,240, due and payable October 1, 1930; payee was a banking corporation; the bank became insolvent and a receiver was appointed by the bank commissioner, who came into possession of the note as an asset of the bank; on December 27, 1934, the note was sold to plaintiff at a public sale, and that plaintiff is the bona fide owner and holder of the note attached to the petition, which note bore the following endorsement, "2/2/31. Offset. Paid, $2.79. Balance, $1,237.21"; no part of the note is paid except the sum of $2.79, which was paid on February 2, 1931, and the balance due is $1,814 with interest.

Defendant's amended and verified answer in substance pleaded a general denial, but an admission of the execution and delivery of the note, and alleged the endorsement on the note was fraudulently and falsely made, in that plaintiff or his assignors were not paid the money by defendant, and the action is barred by the statute of limitations.

Plaintiff filed a verified reply which expressly denied the endorsement of the credit item was fraudulently and falsely made, and denied the action was barred. In substance it further alleged: the defendant, prior to the appointment of the receiver, had on deposit the sum credited on the note; the receiver was duly appointed under the provisions of R. S. 1933 Supp. 9-130, and when he took charge of the bank and its assets for the purpose of winding up its affairs for the benefit of depositors, creditors and stockholders, the receiver had a right under the laws of Kansas to credit defendant's deposit on the note; the receiver was the agent of defendant under the provisions of R. S. 1933 Supp. 9-130; defendant knew at the time of the bank's suspension he had said amount on deposit and was afterwards notified that he had said amount that was credited on said note on deposit with said bank to his credit, and that it was necessary to file a claim therefor if he desired to receive it; notwithstanding these facts and with knowledge of the fact the deposit had been credited on the note, as aforesaid, defendant filed no claim for the deposit; by reason of the premises defendant's claim was

barred and he was estopped from claiming the credit was not put on the note with his consent and before the statute had run; defendant is further estopped from claiming the action was barred by reason of the fact the note bearing said endorsement was advertised for sale in a newspaper of general circulation in Wabaunsee county, and by printed notices—handbills—where the defendant lived several weeks before the note was sold to the plaintiff at public auction in Paxico, and at which sale defendant was present, and of which sale he had public notice and personal knowledge, and defendant acquiesced in and consented to the sale of the note to plaintiff as aforesaid and made no objection thereto.

For further reply plaintiff filed a general denial as to all allegations in the answer which contradicted the petition of plaintiff and which plaintiff had not specifically denied.

Did the trial court err in sustaining defendant's motion for judgment on the pleadings? The only question involved is, Was the action barred? It is, of course, fundamental that a deposit made generally with a bank, as this one was, creates a relation of debtor and creditor between the bank and the depositor. (*Bloomheart v. Bank Commissioner*, 114 Kan. 786, 221 Pac. 279.) Plaintiff contends a bank in which a deposit is made has the right to apply the same or a part of it to any matured indebtedness of the depositor to the bank. (*Docking v. Commercial National Bank*, 118 Kan. 566, 235 Pac. 1044; *Andale State Bank v. Wichita State Bank*, 126 Kan. 441, 268 Pac. 735.) In the Docking case it was said:

"It is well settled that a bank may set off against a general deposit the matured indebtedness of a depositor. The right of setoff frequently spoken of as a lien, attaches in favor of a bank under which it may appropriate the balance of a deposit to any matured indebtedness of the depositor unless the right is modified or waived by some agreement, express or implied, between the parties. (*Gunn v. Bank*, 97 Kan. 404, 155 Pac. 796; *National Bank v. Insurance Co.*, 104 U. S. 54; 7 C. J. 144, and cases cited.)" (p. 567.)

Defendant admits the receiver had a right to appropriate the deposit, but denies that the receiver's appropriation and application of the deposit as a credit on the note constituted a payment by him as debtor and thus tolled the statute. R. S. 60-312 provides for the tolling of the statute of limitations by payment or acknowledgment of liability, debt or claim, or by promise to pay the same. The acknowledgment or promise under the statute must be in writing. No such writing is pleaded. Was the application of the credit by the receiver a payment by defendant? We know of no statute or

decision, and none is cited by plaintiff, to the effect that a receiver of an insolvent bank is the authorized agent of a depositor for the purpose of acknowledging a depositor's existing liability on a note of the bank. Were this the law then a creditor could apply a credit and thereby make a promise to himself that the debtor would pay the new obligation. The reason payment tolls the statute is that payment is an acknowledgment of an existing debt and an implied promise to pay the remainder. In *Good v. Ehrlich,* 67 Kan. 94, 72 Pac. 545, it was held:

"A part payment, in order to be efficient to toll the statute of limitations, or to remove the bar, must have been made as part payment of the obligation in question by the obligor, or by some one at his direction, and under such circumstances as to amount to an acknowledgment of an existing liability on such obligation." (Syl. ¶ 1.)

In the course of the opinion this court, quoting from Wood on Limitations, said that such payments—

" 'must have been made by the debtor in person, or by someone authorized by him to make a new promise on his behalf. And payment made by a third person, without authority from the debtor to make it, cannot remove the statute bar, because it does not imply any acknowledgment of the debt by the debtor.' " (p. 97.)

In *Shanks v. Louthan,* 79 Kan. 363, 99 Pac. 613, it was held:

"When a mortgagee in possession of the mortgaged real estate by tenant applies the rents received thereon to the payment of taxes and for repairs, and endorses the balance as payments upon the note secured by the mortgage, with the mortgagor's knowledge, but without any direction to do so or other authority than such as may be implied from these facts, such endorsements do not remove the bar of the statute of limitations in an action to collect the mortgage debt." (Syl.)

See, also, *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974; *Stone, Ex'r, v. Parmalee,* 18 Fed. 280; *Samuel v. Samuel's Admr.,* 151 Ky. 235, 151 S. W. 676; 42 L. R. A., n. s., 1155, and note; *Desha Bank & Trust Co. v. Quilling,* 118 Ark. 114, 176 S. W. 132; L. R. A. 1915E 794, and note; *Brooklyn Bank v. Barnaby,* 197 N. Y. 210, 90 N. E. 834; *Wanamaker & Brown v. Plank,* 117 Ill. App. 327; 17 R. C. L. 923, §§ 286, 299; 37 C. J. 1142, 1150, §§ 625, 629.

It has likewise been held that payment made by operation of law does not ordinarily affect the running of the statute of limitations. (*Bank v. Bangs,* 91 Kan. 54, 59, 136 Pac. 915; 37 C. J. 1159, § 635.)

In the Stone case it was held:

"A credit entered upon a note by the holder thereof does not revive a barred note, under the construction of the statute of limitations in Georgia,

unless he be authorized in writing to enter such credit by the defendant." (Syl.)

In the Brooklyn bank case it was said:

"To toll the statute of limitations there must be a *voluntary and deliberate act* of the debtor or of his agent thereunto authorized, evincing an intention on his part to acknowledge the debt and to pay it." (p. 214.) (Italics inserted.)

In the Wanamaker & Brown case the rule was stated thus:

"In order that a payment endorsed upon a note may be effective to toll the statute of limitations, there must appear an *actual affirmative intention* by the debtor to make a payment upon such note." (Syl. ¶ 1.) (Italics inserted.)

The rule in the Desha Bank case is stated in L. R. A. 1915E, 793, as follows:

"The mere existence of a deposit account of the maker of a note in the bank which holds the note, which the bank has a right to apply on the note, does not toll the running of the statute of limitations against the note; actual application of the deposit being necessary to effect that result."

No affirmative intention of the debtor to have the deposit credited on the note is alleged, and none can be deduced from the facts pleaded. The most that can be said is that the debtor did nothing. That was not a deliberate voluntary acknowledgment of an existing debt. That did not revive the note. That did not create a new promise to pay the residue. It did not work an estoppel to plead the statute of limitations. The judgment must be affirmed. It is so ordered.