No. 34,262

CHARLES MORTON and E. W. STRONG, as Administrators of the Estate
of Dr. J. B. Morton, Deceased, *Appellants,* v. BELLE LESLIE,
*Appellee.*

(92 P. 2d 90)

Opinion filed
July 8, 1939.

*S. S. Alexander* and *T. M. Flick,* both of Kingman, for the appellants.
*Paul R. Wunsch,* of Kingman, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a "statement of indebtedness."
The trial court sustained a demurrer to the petition. Plaintiffs have
appealed.

The question presented is whether the three-year or the five-year
statute of limitations applies. We are told the specific question
presented is new in this state, and this reminds us of the language
used by Chief Justice Crozier in *Searle and Others v. Adams,* 3
Kan. 515, 518, when, in August, 1866, upon a "day of wilted collars
and oily butter," he marveled that a new question should arise under
the statute of limitations.

The petition, filed August 5, 1938, alleges that Dr. J. B. Morton
died in Kingman county February 4, 1933, and that plaintiffs were
duly appointed and qualified as administrators of his estate, and
have continued to act as such; that at the time of his death defend-
ant was owing him an open account for medicine and medical serv-
ices in the sum of $373.50; that thereafter and on September 1, 1933,
defendant, for a valuable consideration, executed and delivered to
plaintiffs an instrument in writing, of which the following is a copy:

"STATEMENT OF INDEBTEDNESS

"No. 544.

Sept. 1, 1933, the undersigned hereby acknowledges and agrees to pay the
following items to—

"Charles Morton and E. W. Strong, as administrators of J. B. Morton, deceased.

"An open account of $373.50 with 6% per annum interest from Feb. 4, 1933, until paid.

"A note of $——, dated ——————— drawing ——% per annum interest until due, namely, ——————, and ——% per annum interest thereafter until paid.

"The undersigned state and represent that they believe they can pay a part or all of said indebtedness on or commencing with —————, 193—.

"If any error in account, to be corrected.

"BELLE LESLIE, Nashville, Ks.,

"Debtors owing Dr. J. B. Morton in his lifetime."

It is further alleged that defendant had neglected and refused, on demand, to pay such indebtedness, and there was due thereon the sum of $496.75, with interest, for which sum judgment was prayed. The demurrer was upon the ground that the petition failed to state a cause of action, and particularly that it shows upon its face that the purported cause of action is barred by the statute of limitations.

It will be observed the action was brought more than three years but less than five years after the statement of indebtedness was executed. G. S. 1935, 60-306, provides that civil actions other than for the recovery of real property can only be brought within five years upon any agreement, contract, or promise in writing, and within three years upon a contract not in writing, express or implied.

Appellants argue that since the instrument sued upon is in writing and contains within it an agreement to pay, it is governed by the five-year clause of G. S. 1935, 60-306. In their brief they express uncertainty as to how this instrument should be classified—whether it should be regarded as a nonnegotiable note, or whether it should be regarded as an account stated. In support of the first view appellants stress the phrase "agrees to pay." This does not differentiate it from an account stated, which always contains an express or implied promise to pay. Perhaps the instrument may be classified as an account stated. Obviously the amount due was agreed upon, hence the items which go to make up the account are no longer important, unless error should be discovered. It was agreed that any error in the account is to be corrected, but an agreement to correct errors in the account does not prevent it from being an account stated. (1 C. J. S. 704.) The promise to pay an account rendered converts it into an account stated. (1 C. J. S. 713.) Ordinarily the statute of limitations on an account stated is three years.

(*Kansas City Title & Trust Co. v. Fourth Nat'l Bank,* 135 Kan. 414, 10 P. 2d 896; *McNab Bess Oil Co. v. Commonwealth O. & C. Co.,* 142 Kan. 739, 52 P. 2d 363.) If the agreement to pay, in an account stated, carries any greater significance than the implied promise to pay the account, there must be a new consideration for such agreement. (1 C. J. S. 714.) An executor may sue on an account stated. (1 C. J. 703.) A question is suggested as to whether plaintiffs, as administrators, had any authority to take an account stated unless specifically authorized by the court to do so, since it had the effect of making a new obligation, which took the place of the old one, and extended the time for the debtor to pay. We find it unnecessary to decide this specific question, and therefore pass it.

It is clear from an examination of the instrument sued upon that the parties did not intend to change the account into a note, for the parts of the instrument to be used for that purpose were left blank. Obviously they still thought of it as being an account.

Appellee invokes the provisions of our statute, G. S. 1935, 60-312, which reads:

"In any case founded on contract, when any of the principal or interest shall have been paid, or an acknowledgement of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

Under this section any of three things, (1) payment on an existing debt, or (2) the acknowledgment in writing of an existing liability thereon, or (3) a promise in writing to pay the same, starts anew the statute of limitations which would have been applicable had an action been brought on the original debt or claim. In other words, had the original debt been evidenced by a promisory note to which the five-year statute of limitations applied, the partial payment, or the acknowledgment in writing of an existing liability, or a promise in writing to pay, would start again the five-year statute of limitations. If the original debt or claim is one to which the three-year statute of limitations would have applied, under G. S. 1935, 60-306, the partial payment, or the acknowledgment in writing of an existing liability, or the promise in writing to pay, would start anew the three-year statute of limitations.

We think this statute is not only available to the defendant, but that in the situation here presented the plaintiffs are bound by it;

that is to say, at the time this action was brought an action on the original account would have been barred by the statute of limitations. They are forced to claim that the statute began to run anew under and by virtue of this section and because of the statement of indebtedness defendant signed. This statement of indebtedness contains no more than two of the three things, any one of which under this section would have started anew the running of the statute of limitations. The statute of limitations which was started anew was the one applicable to the account, which defendant, in writing, acknowledged and promised to pay, as she was authorized to do under this section. This section states the effect to be given to such a written acknowledgment and promise.

The result of this analysis is that the trial court correctly held the three-year statute of limitations applicable.

Some authorities are cited from other states, which we have examined and find not to be very helpful, for the reason that the statutes being construed differ materially from our own. For the same reason the general authorities on the question are not very pertinent. Counsel recognize the authorities cited are not directly in point, but quote or refer to certain language used which they deem persuasive. It would serve no useful purpose to refer to and analyze these authorities, for, after all, our decision must be based on an interpretation of our own statutes. We are convinced the instrument sued on is one authorized by our statute (G. S. 1935, 60-312); that it must be interpreted in harmony with that statute, and so interpreted that it did no more than to start again the running of the three-year statute of limitations on the original account.

We find no error in the record. The judgment of the court below is affirmed.