No. 35,010

THE GOLDEN RULE OIL COMPANY, *Appellant*, v. GEORGE LIEBST, *Appellee.*

(109 P. 2d 95)

Opinion filed January 25, 1941.

*O. M. Wheat* and *J. Raymond Eggleston,* both of Medicine Lodge, for the appellant.

*D. E. McCrory,* of Pratt, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to recover on a promissory note dated February 5, 1929, payable on demand. Credits for payments made on April 17, and on September 11, 1929, were endorsed on the note.

The action was begun on January 23, 1940, and to save it from the bar of the statute of limitations plaintiff alleged that on May 15, 1935, and also on June 4, 1935, defendant wrote and signed certain letters to the president of the plaintiff company in which he acknowledged the indebtedness evidenced by the note as an existing obligation.

The letters were attached to plaintiff's petitions as exhibits, in the first of which defendant referred to the note for about $950, and said:

"EXHIBIT 'B'

WICHITA, KAN., 5-15-35

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"I want to see it paid but I have nothing to pay on it and from now on I don't even have a job.

"Now here is the proposition. If you will give me a job and a contract for 4 years and will pay me $110, one hundred and ten dollars, per month and give me credit for $25 per month in addition on the note making a total of

$135 per month I will work the 4 years that way. It will be about $1,200 paid on the note that way.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"If, at any time I can pay off the note with reasonable interest and do so the contract becomes void or if I am layed off at any time the contract will become void and the balance of the note will be canceled at no extra cost to me.   .   .   .

"If this will interest you I will do the best I can to make myself worth the $135 per month to you. I will be in Wichita late Sat. evening and again the last of next week.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"If not you can file this letter in the waste-basket."

In the second letter defendant wrote:

"Exhibit 'C'
WICHITA, KAN.,   6-4-35.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"I rec'd your letter and am sorry you have no place for me but since you don't there is not much I can do about it.

"Your collector said you going to sue me   .   .   .   If I can ever get the money I will pay it though it is outlawed   .   .   .   I want to do what is right so if you want to hold that note until we can pay it it will be all right with us. If you do sue us and get judgment against us it really wouldn't do very much good but if you want to let it ride along I'll pay it if I ever get the money   .   .   .   I'm not trying to get out paying you but I haven't got a thing to pay with and don't know when I'll ever be able to get it. If I had the money I'd be glad to come pay you. Mr. Rule, you do whatever you think best as far as a new note is concerned the old one is just as good as a new one. I wouldn't care to sign a new one at this time."

Defendant's answer contained a general and specific denial and invoked the statute of limitations.

Plaintiff replied with a general denial, and filed a motion for judgment on the issues of law arising on the face of the pleadings. The legal questions were briefed and argued by counsel and the trial court gave judgment for defendant.

Plaintiff appeals, assigning error on the trial court's ruling that the recitals in exhibits B and C "were not sufficient in law to revive the note sued upon and start anew the statute of limitations."

As the note sued on was payable on demand, it was due as soon as made (5 U. L. A. § 7, pp. 79-81; 8 Am. Jur. 26; 10 C. J. S. 742-743). The last payment on the note was made on September 11, 1929; therefore an action on the note would be barred in five years from that date, to wit, on September 11, 1934. (G. S. 1935, 60-306.)

Appellant contends, however, that the statements in defendant's letters of May 15, 1935, and June 4, 1935 (Exhibits B and C), were

a sufficient written acknowledgment of the note as an existing liability to toll the statute of limitations. The statute reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." (G. S. 1935, 60-312.)

In our many decisions involving this statute this court has consistently held that to interrupt the running of the statute of limitations against an existing liability, debt or demand, or to revive such a liability already barred by the statute, there must be a distinct and unequivocal acknowledgment of the obligation as a present existing liability. (*Hawkins v. Brown,* 78 Kan. 284, 97 Pac. 479; *Harbaugh v. Herr,* 131 Kan. 235, 236, 289 Pac. 957; *Wichita Sanitarium v. Bierschbach,* 136 Kan. 84, 12 P. 2d 806; *Hottell v. Kemp,* 139 Kan. 239, 31 P. 2d 64; *Updegrove v. Cooper,* 147 Kan. 752, 78 P. 2d 843; *Franklin Life Ins. Co. v. Day,* 150 Kan. 913, 96 P. 2d 630.)

Tested by this rule, a critical scrutiny of the text of defendant's letters does not reveal a distinct and unequivocal acknowledgment of the "outlawed" note as a present existing liability. Defendant's purpose in writing the first letter was to dicker with the president of the plaintiff company for a job, and as an inducement to get employment at $110 per month defendant suggested that his salary be nominally fixed at $135 per month and that $25 thereof be applied on his outlawed note. Defendant's proposition was conditioned on its acceptance. Other conditions were that his proposed contract of employment was to last for four years, but that if he should be laid off before that time expired, the suggested arrangement to liquidate the note was to become void and the note canceled.

It is not a fair interpretation of any document, letter, contract, or what not, to excise from its context a single sentence, statement or paragraph, and give it controlling significance while ignoring the other recitals of the instrument. Read in its entirety, no reasonable construction of defendant's letter of May, 1935, would justify a ruling that defendant's proposal was tantamount to a distinct and unequivocal acknowledgment of a present existing liability.

Neither do the recitals of the second letter meet the test of the statute as expounded and applied in our many decisions. The most explicit sentence in this letter was "If I can ever get the money I

will pay it though it is outlawed." Certainly defendant's words "though it is outlawed" cannot be said to acknowledge the note as a present existing liability. "As far as a new note is concerned the old one is just as good as a new one." "Just as good," but no better than the outlawed note, according to defendant's viewpoint. "I wouldn't care to sign a new one," he wrote. Why not? Obviously because defendant was wary of doing the very act which would revivify the obligation from which the generosity of the statute of limitations had emancipated him.

The judgment is affirmed.