(34 P.3d 478)

No. 86,620

PHILLIP H. O'MALLEY, *Appellant/Cross-appellee*, v. RONALD L. FRAZIER and KATHRYN A. FRAZIER, *Appellees/Cross-appellants*.

Opinion filed November 16, 2001.

*Kevin F. Mitchelson* and *Jason P. Wiske*, of Wheeler & Mitchelson, Chartered, . of Pittsburg, for appellant/cross-appellee.

*Mark S. Gunnison* and *Robin E. Scully, II*, of Payne & Jones, Chartered, of Overland Park, for appellees/cross-appellants.

Before RULON, C.J., GREEN, J., and PADDOCK, S.J.

PADDOCK, J.: In an action to collect on a past-due note once barred by the statute of limitations, the district court ruled circumstances under which part payment was made revived only the principal obligation of the promissory note, but not the obligation to pay interest. Creditor Phillip H. O'Malley appeals, claiming it was error to only revive the principal term of the note. In addition, the debtors, Ronald L. and Kathryn A. Frazier, cross-appeal, claiming that the trial court erred in reviving the principal portion of the note.

On May 24, 1984, in consideration of a loan of $27,000 made to them by O'Malley, the Fraziers executed a 90-day note to O'Malley for the amount of the loan with interest at 14% per annum. The Fraziers defaulted on the note but made sporadic interest payments until September 9, 1987. Over 12 years later on January 24, 2000, the Fraziers delivered a $5,000 check to O'Malley as a principal payment on the note and indicated the balance of $22,000 principal would be paid in the near future.

Shortly thereafter, Mr. Frazier offered to pay O'Malley the remaining principal balance of $22,000 in full satisfaction of the debt. O'Malley refused the offer.

On July 13, 2000, O'Malley sued the Fraziers for the balance of principal and interest due on the note.

The Fraziers defended by claiming the debt was barred by the statute of limitations. The parties filed cross-motions for summary judgment, and the district court entered judgment for O'Malley for $22,000 but denied his claim for prejudgment interest.

The applicable limitation period for an action upon any agreement, contract, or promise in writing is 5 years. K.S.A. 60-511. It is without dispute that the period had run by the time the Fraziers paid the $5,000 and that O'Malley sued the Fraziers within 5 years of the $5,000 payment.

The district court ruled the $5,000 payment was made toward the principal and was applied on the principal and that the Fraziers had always indicated their intention to repay the principal, but the same could not be said for the interest. The court reasoned it could split the note into two claims and grant judgment for the principal but deny the claim for interest. We disagree.

This case is controlled by K.S.A. 60-520(a), which states:

"(a) Effect. In any case founded on contract, *when any part of the principal or interest shall have been paid, or* an acknowledgment of an existing liability, debt or claim, *or* any promise to pay the same, shall have been made, *an action may be brought in such case within the period prescribed for the same, after such payment*, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." (Emphasis added.)

In interpreting a statute, our review is unlimited. *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 472, 15 P.3d 338 (2000).

Under the plain language of the statute, part payment by the debtor will toll the statute of limitations. Any of the three means mentioned in the statute—payment, acknowledgment, or promise—starts anew the period of limitations which would have been applicable had an action been brought on the original debt or claim. See *Morton v. Leslie*, 150 Kan. 213, 215, 92 P.2d 90 (1939) (citing G.S. 1935, 60-312, the predecessor of K.S.A. 60-520[a]). The statute provides no means for reviving one part of the debt and not another. When the statute is clear, it must be applied without judicial construction. *Kilner v. State Farm Mut. Auto. Ins. Co.*, 252 Kan. 675, 682, 847 P.2d 1292 (1993).

The district court, in support of its decision, cited *Golden Rule Oil Co. v. Liebst*, 153 Kan. 123, 109 P.2d 95 (1941). In *Golden Rule*, the court refused to revive the note by relying on the identical predecessor to K.S.A. 60-520. However, the critical distinction between the facts in *Golden Rule* and the instant case was that the debtor in *Golden Rule* did not make a part payment on the debt.

The *Golden Rule* court was scrutinizing the text of letters written by the debtor to see if they operated as an "acknowledgment" in removing the limitations bar. 153 Kan. at 124. Part payment does not require such scrutiny as it speaks for itself. See *Fisher v. Pendleton*, 184 Kan. 322, 336 P.2d 472 (1959); accord *Hustead v. Bendix Corp.*, 233 Kan. 870, 666 P.2d 1175 (1983).

In *Hustead,* the court made it clear that *part payment* and *acknowledgment* are distinct means to revive a time-barred claim under K.S.A. 60-520. The court pointed out that pursuant to K.S.A. 60-520, a part payment is an executed acknowledgment that requires no writing to establish it and has the effect of tolling the statute of limitations. 233 Kan. at 877.

Both parties rely on *Jarnagin v. Ditus*, 198 Kan. 413, 424 P.2d 265 (1967). Such reliance is misplaced. That case differs significantly in reason and facts from the instant case. First, the case did not discuss the effect of K.S.A. 60-520. Second, the issue was whether there was an authorized payment on a debt barred by limitations. Here, authority to apply the part payment to the time-barred debt is not an issue.

The Fraziers' part payment revived the promissory note as to principal and interest.

Reversed and remanded with directions that the district court proceed to enforce the entire note as revived.