No. 86,620

PHILLIP O'MALLEY, *Appellant/Cross-Appellees*, v. RONALD L. FRAZIER and KATHRYN A. FRAZIER, *Appellees/Cross-Appellants*.

(49 P.3d 438)

Opinion filed July 12, 2002.

*Kevin F. Mitchelson,* of Wheeler & Mitchelson, Chartered, of Pittsburg, argued the cause, and *John H. Mitchelson, Darron C. Farha,* and *Jason P. Wiske,* of the same firm were with him on the briefs for appellants/cross-appellees.

*Mark S. Gunnison,* of Payne & Jones, Chartered, of Overland Park, argued the cause, and *Robin E. Scully, II,* of the same firm, was with him on the briefs for appellees/cross-appellants.

The opinion of the court was delivered by

LARSON, J.: This appeal raises the question of whether a conditional payment can be made on a promissory note barred by the statue of limitations and revive the obligation to pay the principal amount but not the interest thereon.

When the makers delivered a partial payment on the principal of a time-barred promissory note, they indicated an intent to repay the balance of the principal only. The payee sued to collect the

remaining principal and interest on the note. The makers defended by asserting the statute of limitations. On cross-motions for summary judgment, the district court revived the principal by applying the provisions of K.S.A. 60-520(a) but not the outstanding interest. The parties cross-appealed. The Court of Appeals held that under K.S.A. 60-520(a), the makers' part payment revived the entire promissory note, both principal and interest. *O'Malley v. Frazier*, 29 Kan. App.2d 947, 34 P.3d 478 (2001). We granted the makers' petition for review.

Although both parties suggest there were controverted facts, any disputed facts, however resolved, would not affect the judgment and do not present a genuine issue of material fact. See *Bergstrom v. Noah*, 266 Kan. 847, 872, 974 P.2d 531 (1999). The trial court found the following facts to be undisputed, which we set forth along with the proceedings and rulings in the trial court and the Court of Appeals prior to our consideration of this appeal.

On May 24, 1984, Kathryn and Ronald Frazier entered into a promissory note with Phillip O'Malley in the amount of $27,000 at 14% interest, due in full in 90 days. The Fraziers did not repay the note according to its terms; however, they did make interest payments from time to time until September 9, 1987.

Ronald Frazier had conversations with O'Malley in which he always expressed his intent to repay, when he could, the $27,000 principal amount of the debt. Frazier never indicated an intent to pay any interest. O'Malley admitted in a deposition that Ronald Frazier always said: "I'm going to pay you the principal, but I can't pay you the interest."

On January 24, 2000, almost 13 years after their last payment, Ronald Frazier delivered a $5,000 check to O'Malley. The check was written and signed by Kathryn Frazier. When Ronald Frazier delivered the check, he stated to O'Malley that he would try to raise the money and try to pay the balance of the principal at some time in the future.

A few months later, Ronald Frazier offered to pay O'Malley the remaining $22,000 in exchange for a release acknowledging no further obligation on the debt. O'Malley refused and initiated this action.

It is undisputed that by the time the Fraziers paid the $5,000 to O'Malley, the applicable limitation period for any action upon any agreement, contract, or promise in writing had expired. K.S.A. 60-511. It is also undisputed that O'Malley sued the Fraziers within 5 years of the $5,000 payment.

Our appeal centers on the interpretation of K.S.A. 60-520(a), which states:

"(a) *Effect.* In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The trial court concluded that the Fraziers' part payment on the promissory note was an acknowledgment of a present existing obligation to pay the principal of the note, but they had consistently denied any intention or obligation to pay interest. The court granted summary judgment to O'Malley as to the remaining principal of $22,000, but granted summary judgment to the Fraziers in ruling that no interest prior to the date of the judgment was owing. O'Malley appealed and the Fraziers' cross-appealed.

The Court of Appeals reversed that portion of the district court's decision granting summary judgment to the Fraziers and held their part payment revived both the principal and interest on the promissory note. The Court of Appeals reasoned:

"Under the plain language of the statute, part payment by the debtor will toll the statute of limitations. Any of the three means mentioned in the statute— payment, acknowledgment, or promise—starts anew the period of limitations which would have been applicable had an action been brought on the original debt or claim. See *Morton v. Leslie*, 150 Kan. 213, 215, 92 P.2d 90 (1939) (citing G.S. 1935, 60-312, the predecessor of K.S.A. 60-520[a]). The statute provides no means for reviving one part of the debt and not another. When the statute is clear, it must be applied without judicial construction. *Kilner v. State Farm Mut. Auto. Ins. Co.*, 252 Kan. 675, 682, 847 P.2d 1292 (1993).

"The district court, in support of its decision, cited *Golden Rule Oil Co. v. Liebst*, 153 Kan. 123, 109 P.2d 95 (1941). In *Golden Rule*, the court refused to revive the note by relying on the identical predecessor to K.S.A. 60-520. However, the critical distinction between the facts in *Golden Rule* and the instant case was that the debtor in *Golden Rule* did not make a part payment on the debt.

"The *Golden Rule* court was scrutinizing the text of letters written by the debtor to see if they operated as an 'acknowledgment' in removing the limitations bar. 153 Kan. at 124. Part payment does not require such scrutiny as it speaks for itself. See *Fisher v. Pendleton*, 184 Kan. 322, 336 P.2d 472 (1959); accord *Hustead v. Bendix Corp.*, 233 Kan. 870, 666 P.2d 1175 (1983).

"In *Hustead*, the court made it clear that part payment and acknowledgment are distinct means to revive a time-barred claim under K.S.A. 60-520. The court pointed out that pursuant to K.S.A. 60-520, a part payment is an executed acknowledgment that requires no writing to establish it and has the effect of tolling the statute of limitations. 233 Kan. at 877." 29 Kan. App. 2d 947, 949, 34 P.3d 478 (2001).

Our review of the interpretation of K.S.A. 60-520(a) is plenary. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. . . . [W]hen a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

The language of K.S.A. 60-520(a) concerning lifting the limitations bar after a part payment provides little guidance as to the legislative intent to be applied in this situation. The statute states that when any part of the principal or interest shall have been paid, an action may be brought in such case within the period prescribed for the same. Clearly this is an alternative form of acknowledgment of the debt, but the statute does not indicate whether the payor can qualify or limit the effect of the part payment with the resulting revival of some portion of the debt and not another. We do not have the means of ascertaining legislative intent when this language has remained virtually unchanged since becoming territory law in 1858. See Terr. L. 1858, ch. 11 § 24; G.S. 1868, ch. 80, § 24; G.S. 1949, 60-312; and L. 1963, ch. 303, 60-520.

In the long history of judicial interpretation of this language, we have not located a set of facts precisely on point where a debtor acknowledged the obligation to pay only the principal of a debt

when making a part payment. However, there is a common thread of general rules that run throughout the cases. Typical of the type of language used by this court are the prouncements in *Elmore v. Fanning*, 85 Kan. 501, 504, 117 Pac. 1019 (1911), where it was held that when a comaker delivers a payment to the payee of his comaker's money and as agent for his comaker, it does not extend the statute of limitations as to himself. The *Elmore* opinion stated:

"A payment, to toll the statute, must be made under such circumstances as to amount to an acknowledgment of an existing liability. (*Shanks v. Louthan*, 79 Kan. 363, 365, 99 Pac. 613.) Such acknowledgment must be distinct, unequivocal, and without qualification (*Durban v. Knowles*, 66 Kan. 397, 71 Pac. 829), and it must be made by the obligor against whom the statute is sought to be tolled, or by someone at his direction (*Good v. Ehrlich*, 67 Kan. 94, 72 Pac. 545)." 85 Kan. at 504.

The requirement that the acknowledgment must be without doubt or misunderstanding is repeated in another historical authority in this state, Dassler's Kansas Civil Code, Annot. ch. 4, § 120 (2d ed. 1931), which states:

"Section 23 of the Civil Code [forerunner of our current statute] provides that in any case founded on contract, when any part of the principal or interest shall have been paid, an action may be brought in such case within the period prescribed for the same after payment. The payment to avoid the bar of the statute must be made under such circumstances as to amount to an acknowledgment of an existing liability. Such acknowledgment must be distinct, unequivocal and without qualification, and it must be made by the obligor against whom the statute is sought to be tolled, or by some one at his direction."

This general rule is repeated in the annotations and legal encyclopedias. See Annot., 10 A.L.R. 4th 932; 51 Am Jur. 2d, Limitation of Actions § 347; 54 C.J.S., Limitations of Actions § 265.

These statements suggest that a payment made with qualification will not toll the statute of limitations. Does this mean oral statements accompanying a part payment can acknowledge the principal portion of the debt and disavow the interest? The Court of Appeals' negative answer to this question was based in part on statements in *Hustead v. Bendix Corp.*, 233 Kan. 870, 666 P.2d 1175 (1983).

*Hustead* involved an action brought by the plaintiffs to recover damages for personal injuries suffered in an airplane crash. The insurer representing the defendants admitted liability to the plaintiffs and agreed to pay plaintiffs' damages. The insurer made several payments to the plaintiffs, but at some point, refused to make further payments. The plaintiffs brought an action to recover their remaining damages on the theories of negligence, strict liability in tort, and breach of implied warranty. Defendants raised the statute of limitations. The district court granted summary judgment to the defendants on that basis. 233 Kan. at 872.

On appeal, one contention of the plaintiffs was that their claimed breach of warranty was founded on contract and, thus, the insurer's partial payment on their damage claim came within the provisions of K.S.A. 60-520. In response to this argument, this court stated:

"In their briefs, the defendants contend that K.S.A. 60-520 is not applicable because an acknowledgment which will remove the bar of the statute of limitations must be distinct, unequivocal, and without qualification, and nothing less than a direct admission of a present existing liability is sufficient, citing *Bowen v. Westerhaus*, 224 Kan. 42, [578 P.2d 1102 (1978)]. In this regard, we believe that counsel for defendants have overlooked the rationale of *Fisher v. Pendleton*, 184 Kan. 322, 336 P.2d 472 (1959), which holds that a·part payment is an executed acknowledgment which speaks for itself and requires no writing to establish it. Although in *Fisher* the question of the tolling of the statute of limitations by part payment involved G.S. 1949, 60-312, we believe that the logic of that case applies also to K.S.A. 60-520. The requirement of a written acknowledgment or promise in K.S.A. 60-520 pertains only to situations involving *acknowledgment* of an existing liability or a *promise* to pay the same. A part payment speaks for itself, and, when a part payment is made in a contract case, the provisions of K.S.A. 60-520 come into play, having the effect of tolling the statute of limitations." 233 Kan. at 877.

This language was not central to the result the court reached, for we reversed the district court because the factual circumstances had not been fully developed by discovery. Also involved in *Hustead* were the provisions of K.S.A. 40-275 relating to advance payment of damages, and our opinion stated: "The applicability of K.S.A. 60-520 and 40-275 are issues still to be determined by the trial court, and we make no final determination of those issues on this appeal." 233 Kan. at 878. We do not rely on *Hustead* to the

extent the Court of Appeals did. *Hustead* differs greatly from our case factually, did not rely on K.S.A. 60-520(a) as to its holding, and did not involve a part payment conditionally made.

We do return to a case relied upon in *Hustead, Fisher v. Pendleton*, 184 Kan. 322, 336 P.2d 472 (1959), where the issue was whether the statute of limitations could be tolled against a joint maker of a promissory note when part payment was made with that maker's knowledge and acquiescence. In analyzing the issue, the *Fisher* opinion referred to a similar issue in *Gorrill v. Goff*, 148 Kan. 765, 84 P.2d 953 (1938). In *Gorrill*, a credit endorsement was made by the payee of the note, but without the knowledge or consent of the maker. When informed of the credit, the maker failed to raise any objection or protest against the endorsement. The court found the maker had *orally ratified* the payment and held the maker was bound by such ratification as though he had originally made the payment under circumstances amounting to an acknowledgment of the debt. If one can orally ratify an obligation they should also be able to orally limit the effect of a partial payment.

The court in *Gorrill* held that ratification of a payment was not the kind of acknowledgment that must be in writing. The *Fisher* opinion quoted the following from *Gorrill*:

" 'From this statute it is apparent three things may toll the statute of limitations. One is a payment. The others are acknowledgment of the debt in writing or a promise in writing to pay the debt, each signed by the party to be charged thereby. A payment obviously may be made otherwise than in writing. A payment, like any other act, may be ratified.' " 184 Kan. at 328 (quoting *Gorrill*, 148 Kan. at 769).

Still referring to ratification of a payment in *Gorrill*, the *Fisher* court continued:

"The court there recognized payment to be an executed acknowledgment which speaks for itself and requires no writing to establish it. The principle upon which part payment takes a case out of the statute is that the party paying intended by such payment to acknowledge and admit the greater debt to be due, and from which the trier of the facts would be warranted in finding an implied promise to pay the balance. (*Good v. Ehrlich*, supra; and *Pessemier v. Zeller*, 144 Kan. 726, 62 P.2d 882, 107 A.L.R. 1523.)" 184 Kan. at 328.

Both *Fisher* and *Gorrill* appear to uphold an oral acknowledgment of a debt where it is accompanied by a part payment. How-

ever, both *Gorrill* and *Fisher* involved part payments made without qualification. We do not disagree with the statement of the law in these cases, nor with the Court of Appeals' statement in this case that part payment speaks for itself. However, we only interpret this to mean that a payment requires no writing as do the other forms of acknowledgment or promise. It is only in that sense the payment speaks for itself. It does not mean that a part payment conditionally made is denied the condition which accompanies the payment.

Ronald Frazier's statements to O'Malley that he intended to pay the principal sometime in the future could never toll the statute of limitations without a writing under the statute. However, when Ronald Frazier delivered the $5,000 check to O'Malley and indicated he would, or would try, to pay the balance of the principal in the near future, the payment spoke for itself, but only as to the principal obligation under the promissory note.

If Ronald Frazier had delivered the $5,000 check to O'Malley without qualification or condition, we believe the entire debt would have been revived under the statute. However, K.S.A. 60-520(a) does not prevent a payor from acknowledging a portion of the debt or acknowledging an obligation to pay principal while disavowing any obligation to pay interest. There is no language in K.S.A. 60-520 stating what liability is revived.

In *Miller v. McDowell*, 69 Kan. 453, 77 Pac. 101 (1904), it was contended that the statute of limitation barred an action attempting to charge one-half of a debt against the estate of John McDowell. There was evidence that before his death, John McDowell went to the bank and stated that he was liable for one-half the debt in issue and that he desired to pay his proportion of the interest, which he did. Addressing the statute of limitation issue, this court stated:

"Of course, an oral admission of a debtor of his liability will not toll the statute, but payment made to the agent of the creditor to be applied on the debt, *accompanied by a statement by the person making it that he is liable for one-half of it*, is sufficient acknowledgment of his liability to toll the statute as to him." (Emphasis added.) 69 Kan. at 456.

Immediately following the above quote, the *Miller* opinion recites the wording of § 4452 of the General Statutes of 1901, which is substantially the same as K.S.A. 60-520(a). The part payment

accompanied by a qualified acknowledgment of liability was recognized in *Miller* as it should be as to the Fraziers' part payment and conditional statements limiting the liability only to the principal of the note.

Part payment of a debt is a voluntary acknowledgment which implies a new promise to pay the debt. "Such part payment may be qualified and limited as a new promise may be." 54 C.J.S., Limitations of Actions § 264.

The Fraziers' part payment of principal was an unequivocal acknowledgment that additional amounts of principal were due. A promise to pay the remaining principal is all that could be inferred. At *all times*, Ronald Frazier indicated he could not and would not pay the interest. The payment/promise was limited to the principal. The Fraziers, by their actions, did not lose the protection of the statute of limitations on the interest portion of the promissory note.

Although our analysis by necessity relates to the statutory language of K.S.A. 60-520(a), we also believe the public policy announced in *Huntingdon Finance Corp. v. Newton Artisian*, 442 Pa. Super. 406, 411, 659 P.2d 1052 (1995), concerning the common-law acknowledgment doctrine is relevant to our decision.

The Pennsylvania court stated:

"The acknowledgment doctrine serves a very useful purpose to both parties in that the creditor receives payment on a debt that would otherwise be unenforceable and the debtor satisfies a moral obligation to make payments pursuant to a contract where no legal obligation exists, thereby bolstering the credibility of its business. To accept appellant's position [that a payment of principal should also revive interest], debtors would be discouraged from acknowledging debts because of the corresponding interest payments, which in some instances could exceed the principal. The four-year statute of limitation serves to protect individuals from suffering the continuing anxiety over the possibility of the commencement of an action against them in the future. Because this acknowledgment doctrine removes the protection of the statute of limitations, the acknowledgment must be patently clear and distinct and free from ambiguity." 442 Pa. Super. at 411.

There is a valid public policy to encourage debtors to make payments on obligations that are due but the collection of which is barred by a limitations period.

Under the undisputed facts as found by the trial court, the Fraziers at all times expressed their inability and unwillingness to repay

the interest on the time-barred promissory note. The payment which was offered was qualified and limited to principal only and was not an acknowledgment of the obligation to make any payment of the past due interest thereon. The result reached by the trial court, based on the particular facts of this case, was correct.

We reverse the Court of Appeals and affirm the district court.

DAVIS, J., dissenting:

I respectfully dissent from the majority opinion and would affirm the decision of the Court of Appeals for the reasons stated in that opinion. "A part payment speaks for itself, and, when a part payment is made in a contract case, the provisions of K.S.A. 60-520 come into play, having the effect of tolling the statute of limitations." *Hustead v. Bendix Corp.*, 233 Kan. 870, Syl. ¶ 4, 666 P.2d 1175 (1983). No longer in Kansas will a "payment speak for itself" in a contract case. According to the majority opinion, part payment by a debtor means what the debtor says at the time payment is made and ultimately will mean what a trial court says it means based upon parol evidence.

K.S.A. 60-520 provides the two methods by which one may revive a debt based on contract: first, by partial payment, and second, by acknowledgment or promise. In my opinion, this new principle adopted by the majority opinion would render the partial payment provisions of K.S.A. 60-520(a) meaningless.

The majority opinion distinguishes *Hustead* on the facts, noting that the opinion differs greatly from the present case factually and did not rely on K.S.A. 60-520(a) as to its holding and, further, did not involve a part payment conditionally made. While all this is true, *Hustead*, upon remand, was providing direction to the lower court and was responding to the defendants' argument that the payment was not of a character required to be a partial payment under the statute. We stated in *Hustead* that part payments are not to be held to the same standards as written acknowledgments and promises. The only requirement to toll the limitation period is that the payment be made on the contract. 233 Kan. at 877.

The provisions of K.S.A. 60-520(a) expressly provide that "when *any* part of the principal or interest shall have been paid," the

entire debt is revived. The statute provides no means to differentiate between interest and principal, and where a "distinct and unequivocal payment on *any part* of the debt" is made, the entire debt becomes due. K.S.A. 60-520 as well as earlier legislation in this area sought to avoid parol evidence in the control of revival of debts by its requirement that both acknowledgments and promises be made in writing to have any effect. A partial payment also needs little parol evidence to prove its existence and can normally be shown, as in the present case, by a check or other negotiable instrument. The majority opinion, however, invites parol evidence from the debtor in order to determine whether partial payment revived the whole debt or just a portion of the debt.

The majority looks to *Huntingdon Finance Corp. v. Newton Artesian*, 442 Pa. Super. 406, 659 P.2d 1052 (1995), concluding that a valid public policy exists to encourage debtors to make payment on obligations that are due, but the collection of which is barred by limitation. I would submit that the logic of the *Huntingdon* decision and the premise of that opinion is not sound. While the majority concludes and *Huntingdon* agrees, that abolishing the power of debtors to qualify their payments would result in no reasonable debtor making any payment whatsoever on ancient debts, their conclusion is built on the presumption that the debtors have such thorough knowledge of the law as to understand the effect of a partial payment. If the debtors were so well schooled, certainly they would also understand the importance and effect of obtaining a release or effecting a novation prior to the making of a partial payment.

While it may seem more equitable and fair to permit a debtor to avoid interest that in some cases can greatly exceed the principal, this is not necessarily the case. Interest is a product of the time value of money and risks taken by the lender. To allow a debtor to avoid paying years of interest and just pay the principal amount on the debt, is to severely deprive the creditor of the time value of his or her money. This is compounded by the fact that it results in a windfall to the debtor, who is permitted to hold the creditor's money for several years only to have to return the exact dollar amount.

Finally, neither K.S.A. 60-520(a) nor any of the Kansas cases cited in the majority opinion provide authority for separation of principal and interest. The original agreement between the parties certainly did not contemplate a separation of interest and principal. Yet, under the majority opinion, the debtor is able to modify the original agreement, unilaterally, by qualifying his or her payment and expressing an intent which is again contrary to the original agreement. Why permit unilateral modification by the debtor of a debt created through the agreement of debtor and creditor? It is enough that the debtor remains in control because the entire debt is uncollectible. The debtor may work out with the creditor a partial payment with a release signed or novation. The debt was created by contract; let it be amended by contract. *Hustead* follows K.S.A. 60-520(a) and maintains the sanctity of the contract by not allowing the debtor to unilaterally amend the original agreement of the parties.

For the above reasons, I would affirm the Court of Appeals and reverse the district court.

SIX, J., joins in the foregoing dissent.